1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          CENTRAL DISTRICT OF CALIFORNIA

10

11   BRUCE LISKER,                    )          CASE NO. CV09-9374-AHM (RCx)
                                      )
12           Plaintiff(s),            )          SCHEDULING AND CASE
                                      )          MANAGEMENT ORDER
13       v.                           )
                                      )          **SEE LAST PAGE FOR**
14   CITY OF LOS ANGELES, et al.,     )          **PRETRIAL AND TRIAL DATES**
                                      )
15           Defendant(s).            )
                                      )
16                                    )
     _____ ___)
17

18   **I.      APPLICABLE  SCHEDULE**

19           This case shall be litigated according to the schedule on the last page.

20   Ordinarily, those dates are determined after consultation with the parties at the

21   Rule 16(b) Scheduling Conference, and this Order is distributed to them at that

22   time.  Accordingly, the dates and requirements are firm.  The Court is very unlikely

23   to grant continuances, even if stipulated by the parties, unless the parties establish

24   good cause through a strong, concrete showing.

25           The following provisions sometimes refer to the Local Rules.  **PLEASE**

26   **NOTE THAT UNDER RULE 83-7, THE VIOLATION OR FAILURE TO**

27   **CONFORM TO THE LOCAL RULES MAY SUBJECT THE OFFENDING**

28   **PARTY OR COUNSEL TO A VARIETY OF SANCTIONS.**

## II.    DISCOVERY AND DISCOVERY CUTOFF

### A.    <u>Non-Expert Discovery</u>

All non-expert discovery shall be completed by the non-expert discovery cutoff on the last page.  **THIS IS <u>NOT</u> THE DATE BY WHICH DISCOVERY REQUESTS MUST BE SERVED; IT IS THE DATE BY WHICH ALL DISCOVERY IS TO BE COMPLETED.**  Any motion challenging the adequacy of responses to discovery must be filed, served and calendared sufficiently in advance of the discovery cutoff date to permit the responses to be obtained before that date, if the motion is granted.

In an effort to provide further guidance to the parties, the Court notes the following:

1.    <u>Depositions</u>.  All depositions shall be scheduled to commence sufficiently in advance of the discovery cutoff date to permit their completion and to permit the deposing party enough time to bring any discovery motions concerning the deposition prior to the cutoff date.  Given the requirements of notice and "meet and confer," that means that in most cases a planned motion to compel would have to be discussed with opposing counsel approximately six weeks before the cutoff.

2.    <u>Written Discovery</u>.  All interrogatories, requests for production of documents, and requests for admissions shall be served sufficiently in advance of the discovery cutoff date to permit the discovering party enough time to challenge (via motion practice) responses deemed to be deficient.

3.    <u>Discovery Motions</u>.  Whenever possible, the Court expects the parties to resolve discovery problems among themselves in a courteous, reasonable and professional manner.  If they do so, resort to the Court for guidance in discovery is seldom necessary.

The Magistrate Judge assigned to this case will rule on discovery motions.  The Court requires compliance with Local Rules 37-1 through 37-

4 in the preparation and filing of discovery motions.  Any review of a Magistrate Judge's discovery order must proceed by way of noticed motion under Local Rule 7-3.  In accordance with 28 U.S.C. § 636(b)(1)(A), the Court will not reverse any such order, *including one imposing sanctions,* unless the moving party demonstrates that the Magistrate Judge's order "is clearly erroneous or contrary to law."  If this Court overrules a Magistrate Judge's order denying discovery, the Discovery Cutoff will, upon application, be extended.

        4.      <u>Exceptions to Discovery Cutoff</u>.  The Court establishes a discovery cutoff date to facilitate the timely, efficient and just resolution of this case.  So long as that objective is in no way impeded, and provided that the parties meet the other conditions in this paragraph, the parties are permitted to conduct discovery beyond the cutoff date.  These conditions are:  (a) they all agree to do so; (b) no discovery motions resulting from post-cutoff discovery disputes may be brought; and (c) the fact that discovery is being conducted after the cutoff will not be cause for continuing the trial date or for not complying with the other deadlines and requirements in this order.  Thus, parties conducting discovery after the cutoff accept the risk that they will not be able to enforce their rights in the event of a dispute.

**B.**    **<u>Expert Discovery</u>**

    If expert discovery necessitates motion practice which cannot be resolved until after  the deadlines set forth below for motion practice, then those deadlines shall not apply. But because Local Rules 7-3 and 37-1 require ample time to meet and confer as well as brief the matters, the parties should commence expert discovery shortly after the initial designations of experts, because in no event will the Final Pre-Trial Conference and trial dates be continued merely because expert discovery is still underway.

## III.   MOTIONS AND MOTION CUTOFF DATE

### A.   General Provisions.

Motions are heard on Mondays at 10:00 a.m., unless the Court orders otherwise.  If Monday is a national holiday, the motion will not be heard the next day (Tuesday) but instead automatically set for the next succeeding Monday.

All law and motion matters, except for motions in limine, must be set for <u>hearing</u> (not filing) by the motion cutoff date specified on the last page.  Issues left undetermined after the passage of the motion cutoff date should be listed as issues for trial in the final pre-trial conference order.  As an exception to the above, motions in limine dealing with evidentiary matters may be heard at the Final Pre-Trial Conference or (at the Court's discretion) at the start of trial; however, the Court will not hear or resolve summary judgment motions disguised as motions in limine.

The applicable Local Rules are Rules 7-1, *et seq.*  If any party does not oppose a motion, that party shall submit a written statement that it does not oppose the motion, in accordance with Local Rule 7-16.  Failure to meet the time limits set forth in Local Rule 7 may be deemed consent to the granting of the motion.  Local Rule 7-12.  The Court will not decide late-filed motions, and a party or counsel who files such late papers may be subject to sanctions under Local Rule 7-13.

Reply papers shall be limited to argument and/or authorities responsive to the opposition papers.  The Court will ignore new matter that was improperly introduced.

To assure that the Court receives oppositions and replies in a timely fashion, courtesy copies of all oppositions and replies, conformed to reflect that they have been filed, shall be deposited in the drop box in the entrance way to  chambers, to the left of Courtroom 14.  All such papers shall be filed "loose" - - *i.e.,* not inside envelopes.

### B.   Motions under Fed.R.Civ.P 12.

4

See the Court's "Initial Case-Specific Order Following Filing of Complaint Assigned to Judge Matz."

**C.   Summary Judgment Motions.**

Parties need not, and in many cases they should not, wait until the motion cutoff to bring motions for summary judgment or partial summary judgment. However, in virtually every case, the Court expects that the party moving for summary judgment will provide more than the minimum twenty-one (21) day notice for motions.  Summary judgment motions are, of course, very fact-dependent.   All parties should prepare their papers in a fashion that will assist the Court in absorbing the mass of facts.  (*E.g.*, generous use of tabs, tables of contents, headings, indices, etc.)  The parties are directed to comply precisely with Local Rules 56-1 through 56-4.  The Court will place a great deal of importance on these respective statements and <u>the parties shall deliver to chambers an electronic copy of the respective "Statement of Uncontroverted Facts and Conclusions of Law" and "Statement of Genuine Issues."</u>

1.   <u>Statement of Undisputed Facts and Statement of Genuine Issues</u>

The Separate Statement of Undisputed Facts shall be prepared in a two column format.  The left hand column sets forth the allegedly undisputed fact.  The right hand column sets forth the evidence that supports the factual statement.  The fact statements should be set forth in sequentially numbered paragraphs.  Each paragraph should contain a narrowly focused statement of fact.  Each numbered paragraph should address a single subject in as concise a manner as possible.

The opposing party's Statement of Genuine Issues must be in two columns and track the movant's separate statement exactly as prepared.  The left hand column must restate the allegedly undisputed fact, and the right hand column must state either that it is undisputed or disputed.  The opposing party may dispute all or only a portion of the statement, but if disputing only a portion, it must clearly indicate what part is being disputed, followed by the opposing party's evidence

5

controverting the fact. The Court will not wade through a document to determine whether a fact really is in dispute. To demonstrate that a fact is disputed, the opposing party must briefly state why it disputes the moving party's asserted fact, cite to the relevant exhibit or other piece of evidence, and describe what it is in that exhibit or evidence that refutes the asserted fact. No legal argument should be set forth in this document.

The opposing party may submit additional material facts that bear on or relate to the issues raised by the movant, which shall follow the format described above for the moving party's separate statement. These additional facts shall continue in sequentially numbered paragraphs (*i.e.,* if movant's last statement of fact was set forth in paragraph 30, then the first new fact will be set forth in paragraph 31), and shall set forth in the right hand column the evidence that supports that statement.

        2.   <u>Supporting Evidence</u>

No party should submit any evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. Thus, for example, the entire transcript of a deposition, entire sets of interrogatory responses, and documents that do not specifically support or controvert material in the separate statements should not be submitted in support of opposition to a motion for summary judgment. The Court will not consider such material.

Evidence submitted in support of or opposition to a motion should be submitted either by way of stipulation or as exhibits to declarations sufficient to authenticate the proffered evidence, and should not be attached to the Memorandum of Points and Authorities. The Court will accept counsel's authentication of deposition transcripts, of written discovery responses and of the receipt of documents in discovery if the fact that the document was in the opponent's possession is of independent significance. Documentary evidence as to

6

which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, of a witness who can establish authenticity. The parties should use colored markers to highlight the testimony or portions of exhibits that they are relying on.

3. <u>Objections to Evidence</u>

If a party disputes a fact based in whole or in part on an evidentiary objection, the ground of the objection, as indicated above, should be stated in a separate statement but not argued in that document.

4. <u>Evidence Not Properly Cited</u>

When a party relies on deposition testimony in a summary judgment motion without citing to page and line numbers, the Court in its discretion may exclude or disregard the supposed "evidence." See *Orr v. Bank of America*, 285 F.3d 764, 775 (9th Cir. 2002).

5. <u>Cross-Motions on Identical Issues of Law</u>

The parties shall avoid filing cross-motions for summary judgment on identical issues of law, such that the papers would be unnecessarily cumulative. (*E.g.*, a party's moving and reply papers on its own motion would advance the same arguments as its opposition papers to the other party's cross-motion). The parties shall discuss in advance which party should be designated as the moving party. The moving party's reply papers shall be limited to responding to the non-moving party's opposition papers. The non-moving party may not file a sur-reply unless the Court first grants leave to do so.

**D.    Motions in Limine.**

Parties often do not focus on evidentiary and related issues until the last stages of trial preparation. This is a mistake. Such motions can be very helpful in narrowing issues, limiting or allowing evidence and promoting settlement. With these benefits in mind, the Court encourages the parties carefully to consider filing such motions <u>before</u> the last stages of trial preparation. In any event, the parties

7

must file and respond to motions in limine in accordance with Local Rule 7 by the date specified on the last page of this order.  The Court will make every effort to rule upon motions in limine at or before the Final Pre-Trial Conference.

### E.     Oral Argument.

Sometimes the Court will not hear oral argument.  When that is the case, the Court will notify the parties in advance.  If there is a hearing, tentative rulings will often be available in the courtroom approximately one-half hour before the call of the calendar.  The parties are expected to be familiar with the tentative ruling at the time of argument.

## IV.   APPLICATIONS AND STIPULATIONS FOR EXTENSIONS OF TIME

### A.     Applications or Stipulations to Extend the Time to File any Required Document or to Continue any Pretrial or Trial Date.

No stipulations extending scheduling requirements or modifying applicable rules are effective until and unless the Court approves them.  Both applications and stipulations must set forth:

1.   the existing due date or hearing date;

2.   specific, concrete reasons supporting good cause for granting the extension.  In this regard, a statement that an extension "will promote settlement" is insufficient.  The requesting party or parties must indicate the status of ongoing negotiations: have written proposals been exchanged? Is counsel in the process of reviewing a draft settlement agreement?  Has a mediator been selected?

3.   whether there have been prior requests for extensions, and whether these were granted or denied by the Court.

/ / /

/ / /

/ / /

### B.     Ex Parte Applications.

8

1   Think twice!  The Court strongly discourages *ex parte* applications.  *See*

2   *Mission Power Eng. Co. v. Continental Casualty Co.*, 883 F.Supp. 488 (C.D.Calif.

3   1995).  Strict adherence to Local Rule 7-19 is necessary.

4   **V.    PRE-TRIAL CONFERENCE AND LOCAL RULE 16 FILINGS**

5        **A.    General Provisions.**

6        The Final Pre-Trial Conference ("PTC") will be held at 11:00 a.m. on the

7   date specified, unless the Court expressly waived a PTC at the Scheduling

8   Conference.  (In the rare cases where the Court waives a PTC, the parties must

9   follow Local Rule 16-11.)  If adjustments in the Court's calendar to accommodate

10  congestion become necessary, the Court may re-calendar the PTC instead of the

11  trial date.  Therefore, the parties should assume that if the PTC goes forward, the

12  trial <u>will</u> go forward without continuance, although some brief period of trailing

13  may prove necessary.

14       The lead trial attorney on behalf of every party shall attend both the PTC and

15  all meetings of the parties in preparation for the PTC.  Unless counsel has been

16  excused for good cause shown in advance of the PTC, the Court reserves the right

17  to designate the attorney attending the PTC as lead trial counsel.

18       A continuance of the PTC at the parties' request or by stipulation is highly

19  unlikely.  Specifically, failure to complete discovery is not a ground for

20  continuance.   In the unlikely event that the Court agrees to continuing the PTC,

21  the trial date is likely to be delayed as a result, possibly for a few months.  If a

22  change in the trial date is necessitated or likely because of the Court's calendar or

23  otherwise, modifications of that date will be discussed at the PTC.

24       At the PTC, the parties should be prepared to discuss means of streamlining

25  the trial, including, but not limited to:  bifurcation; presentation of foundational

26  and non-critical testimony and direct testimony by deposition excerpts, narrative

27  summaries and/or stipulations as to the content of testimony; presentation of

28  testimony on direct examination or by declaration subject to cross-examination;

and qualification of experts by admitted resumes.   The Court will attempt to rule upon previously-filed motions in limine at the PTC.  The Court will also discuss settlement.

**B.    Form of Final Pre-Trial Conference Order ("PTCO").**

The proposed PTCO shall be lodged seven calendar days before the PTC. Adherence to this time requirement is necessary for in-chambers preparation of the matter.   The form of the proposed PTCO shall comply with Appendix A to the Local Rules and the following:

1.    Please place in "ALL CAPS" and in **bold** the separately numbered headings for each category in the PTCO (*e.g.*, "**1.  THE PARTIES**" or "**7. CLAIMS AND DEFENSES OF THE PARTIES**".)

2.    Please include a Table of Contents at the beginning.

3.    In specifying the surviving pleadings under Section 1, please state which claims or counterclaims have been dismissed or abandoned.  *E.g.* "Plaintiff's second cause of action for breach of fiduciary duty has been dismissed."  Also, in multiple party cases where not all claims or counterclaims will be prosecuted against all remaining parties on the other side, please specify to which party each claim or counterclaim is directed.

4.    *In specifying the parties' claims and defenses under Section 7, each party shall closely follow the examples set forth in Appendix A of the Local Rules.*

5.    In drafting the PTCO, the Court also expects that the parties will attempt to agree on and set forth as many non-contested facts as possible.  The Court will usually read the uncontested facts to the jury at the start of the trial.  A carefully drafted and comprehensively stated stipulation of facts will reduce the length of trial and increase jury understanding of the case.

6.    In drafting the factual issues in dispute for the PTCO, the parties should attempt to state issues in ultimate fact form, not in the form of evidentiary fact issues (*e.g.*, "Was the defendant negligent?  Was such negligence the

proximate cause of injury to the plaintiff?  Was the plaintiff negligent?" etc.  <u>Not</u> "Was the plaintiff standing on the corner of 5th and Spring at 10 a.m. on May 3?" etc.).  The parties may, if they so desire, list sub-issues under the headings of ultimate fact issues, but should not use this as a device to list disputes over evidentiary matters.  In general, the issues of fact should set forth the disputed elements of the claim or affirmative defenses.

7.    The Court may well submit fact issues to the jury in the form of findings on a special verdict.   The issues of fact should track the elements of a claim or defense on which the jury will be required to make findings.

8.    Issues of law should state legal issues on which the Court will be required to rule at or after the PTC, or during the trial, and should not list ultimate fact issues to be submitted to the trier of fact.

**C.    Rule 16 Filings; Memoranda; Witness Lists (Including Experts); Exhibit Lists.**

1.    <u>Generally</u>.  The parties must comply fully with the requirements of Local Rule 16.  They shall file carefully prepared Memoranda of Contentions of Fact and Law (which may also serve as the trial brief), along with their respective Witness Lists and Exhibit Lists, all in accordance with Local Rule 16.  See the last page for dates.  Failure to include the name of an expert witness precludes a party from calling that expert witness.  An expert witness's direct testimony shall consist of a non-exhaustive description of his background and the contents of his Rule 26 report.

2.    <u>Pre-Trial Exhibit Stipulation</u>.  The parties shall prepare a Pre-Trial Exhibit Stipulation which shall contain each party's numbered list of all trial exhibits, with objections, if any, to each exhibit including the basis of the objection and the offering party's response.  All exhibits to which there is no objection shall be deemed admitted.  All parties shall stipulate to the authenticity of exhibits whenever possible, and the Pre-Trial Exhibit Stipulation shall identify any exhibits

11

whose authenticity has not been stipulated to and the specific reasons for the party's failure to stipulate.

The Stipulation shall be substantially in the following form:

<u>Pre-Trial Exhibit Stipulation</u>

<u>Plaintiff(s)' Exhibits</u>

| <u>Number</u> | <u>Description</u> | <u>If Objection, State Grounds</u> | <u>Response to Objection</u> |
|---|---|---|---|
| | | | |

<u>Defendant(s)' Exhibits</u>

| <u>Number</u> | <u>Description</u> | <u>If Objection, State Grounds</u> | <u>Response to Objection</u> |
|---|---|---|---|
| | | | |

The Pre-Trial Exhibit Stipulation shall be filed at the same time counsel lodge the PTCO.  Failure to comply with this paragraph shall constitute a waiver of all objections.

3. **Consequences of Non-Compliance.  If counsel fail to file the required Pre-Trial documents or fail to appear at the Pre-Trial Conference and such failure is not otherwise satisfactorily explained to the Court, (a) the cause shall stand dismissed for failure to prosecute, if such failure occurs on the part of the plaintiff, (b) default judgment shall be entered if such failure occurs on the part of the defendant; or (c) the Court may take such action as it deems appropriate.**

**D.    Trial Witness Estimate Form**

At the pre-trial conference the parties will be given a Joint Trial Witness Time Estimate Form, which they will be required to fill in and give to the Court on the first day of trial.

/ / /

**E.    Real Time Court Reporting Requirement**

Each party must email the court reporter at cindy@rainbowsplash.com prior to the PTC a prepared typed list of proper names, unusual or scientific terms, or any other uncommon words that are likely to be used during trial.  This list will enable the court reporter to prepare accurate transcripts in real time.

**F.    Jury Instructions, Verdict Forms and Special Interrogatories.**

1.    On the dates specified on the attached "Schedule of Pretrial Dates", the parties are required jointly to submit one set of agreed upon substantive instructions, a verdict form and, if necessary, special interrogatories.  "Substantive jury instructions" means all instructions relating to the elements of all claims and defenses in the case.  The parties need <u>not</u> submit general instructions.  The parties shall deliver to chambers an electronic copy of these filings at the time the documents are filed.

2.    If the parties cannot agree upon one complete set of substantive instructions, special or general verdict form and/or special interrogatories, they shall file two documents with the Court: first, the agreed upon instructions and verdict forms, and  second a joint statement regarding the disputed instructions, verdicts and interrogatories.  In the second document (the joint statement) the parties shall place the text of the disputed instruction (or verdict or interrogatory) with an identification of the party proposing it and following that text they shall place the opposing party's statement of objections, along with legal authority in support of the objections (not to exceed <u>one</u> page) and proposed alternative language where appropriate.  The entirety of the objection shall be typed in capital letters.

Each party shall provide an electronic copy when it serves its proposed instructions on opposing parties to simplify the preparation of the joint statement regarding the disputed instructions.

/ / /

Both the agreed on set, and the joint statement re disputed instructions are to be filed at the Final Pre-Trial Conference.

3.    A table of contents shall be included with all jury instructions submitted to the Court.  The table of contents shall set forth the following:

       a.    The number of the instruction;

       b.    A brief title of the instruction;

       c.    The source of the instruction; and

       d.    The page number of the instruction.

For example:

| Number | Title | Source | Page Number |
|--------|-------|--------|-------------|
| 1 | Burden of Proof | 9th Cir. 12.2 | 5 |

The parties need not submit a separate copy of instructions without citations to authority.

4.    The Court prefers counsel to use the instructions from the *Manual of Model Jury Instructions for the Ninth Circuit* (West 2007 (to be published around June 2007)) where applicable.  Those instructions are "on-line" in the Ninth Circuit's website.  Where California law is to be applied and the above instructions are not applicable, the Court prefers counsel to use *California Jury Instructions - Civil* (CACI).  If neither of these sources is applicable, counsel are directed to use the instructions in O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions (Fifth)*.

5.    Modifications of instructions from the foregoing sources (or any other form instructions) must specifically state the modification made to the original form instruction and the authority supporting the modification.

**G.    Joint Statement of the Case and Requests for Voir Dire.**

On the same date the parties file their joint and separate proposed jury instructions, the parties shall also file their joint statement of the case which the

/ / /

Court shall read to all prospective jurors prior to the commencement of voir dire. Ordinarily, the statement should be not longer than two or three paragraphs.

The Court conducts voir dire of all prospective jurors. On the same date that the parties file their Joint Statement of the Case, each party shall file its separate proposed voir dire questions. The parties need not submit requests for standard voir dire questions, such as education, current occupation, marital status, prior jury service, etc., but should include only proposed questions specifically tailored to the parties and issues of the case.

**H.    Findings of Fact and Conclusions of Law.**

For a non-jury trial, the parties shall lodge their proposed findings of fact and conclusions of law not later than one week before trial. The parties shall deliver to chambers an electronic copy of these findings in Word or WordPerfect 11 compatible format. Please see the Court's Civil Trial Order.

**VI.    SETTLEMENT**

Local Rule 16-15 provides that the Settlement Conference shall be concluded not later than 45 days before the Pretrial Conference. The Court believes that in most cases completion of all discovery and dispositive motions will help the parties assess their positions before they embark on the costly pre-trial process. But sometimes parties find it more difficult to settle after they incurred the cost of all discovery and motion practice. The Court therefore strongly encourages counsel and the parties to pursue settlement earlier.

The Court has a keen interest in helping the parties achieve settlement. If the parties believe that it would be more likely that a settlement would be reached if they conduct the settlement conference at a different time than that in the attached schedule, they should conduct it at that time. In any event, as indicated in the Schedule of Pretrial Dates attached hereto, the parties must file a Status Report re Settlement at the time that they file their respective memorandum of fact and law, witness lists and exhibit lists.

This Court will not conduct settlement conferences in non-jury cases which he is to try.  In jury cases, the Court will conduct a settlement conference at the parties' joint request if three conditions exist:

1.  The parties are satisfied that the fact issues in the case will be tried to a jury.

2.  All significant pre-trial rulings which the Court must make have been made.

3.  The parties desire the Court to conduct the conference, understanding that if settlement fails, the Court will try the case.

If the parties are inclined to select this Court to conduct the Mandatory Settlement Conference, the parties should consult the Court's Standing Order re Settlement Conference so that they fully understand the Court's requirements for the settlement conference.  That order will govern the settlement conference procedures before this Court, but may also serve as a useful reference for settlement conferences conducted pursuant to the other available procedures.

## VII.   WEBSITE

Copies of this Order and all other orders of this Court that may apply specifically to this case are available on the Central District of California website, at "www.cacd.uscourts.gov," under "Judge's Requirements."

## VIII.     TRIAL DATE

This case has been set for trial on the date specified on Exhibit "A" below at 8:00 A.M.  Please review the Court's separately-issued Civil Trial Order for the procedures and requirements for civil trials.

/ / /

/ / /

/ / /

/ / /

/ / /

16

**IX.    CONCLUSION**

The Court thanks the parties and their counsel for their anticipated cooperation in carrying out these requirements.

IT IS SO ORDERED.

DATED:        March 24, 2010

_____
A. HOWARD MATZ
United States District Judge

17

**JUDGE A HOWARD MATZ**
**PRESUMPTIVE SCHEDULE OF PRETRIAL DATES**

| Matter | Time | Weeks before trial | Plaintiff's Request | Defendant's Request | Court Order |
|---|---|---|---|---|---|
| **Trial date (jury)**<br>**Estimated length:   10   days** | **8:00 a.m.** | | | | **3/22/11** |
| **[Court trial:] File Findings of Fact and Conclusions of Law and Summaries of Direct Testimony** | | **- 1** | | | **N/A** |
| **Final Pretrial Conference; Hearing on Motions in Limine; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Qs and Agreed-to Statement of Case** | **11:00 a.m.** | **- 2** | | | **3/7/11** |
| **Lodge Pretrial Conf. Order**<br>**File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement** | | **- 4** | | | **2/22/11** |
| **Last day for hand-serving Motions in Limine** | | **- 6** | | | **2/7/11** |
| **Last Day to Meet Before Final Pretrial Conference (L.R. 16-2)** | | **- 8** | | | **1/24/11** |
| **Last day for hearing motions** | **10:00 a.m.** | **- 8** | | | **1/24/11** |
| **Last day for hand-serving motions and filing (other than Motions in Limine)** | | **- 12** | | | **12/20/10** |
| **Non-expert Discovery cut-off** | | **- 14** | | | **12/6/10** |

**ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE**

**L.R. 16-15 Settlement Choice:    (1) USMJ**

| | | | | | |
|---|---|---|---|---|---|
| **Expert discovery cut-off** | | **- 6** | | | **2/7/11** |
| **Rebuttal Expert Witness Disclosure** | | **- 9** | | | **1/10/11** |
| **Opening Expert Witness Disclosure [See F.R.Civ.P. 26(a)(2)]** | | **- 13** | | | **12/13/10** |
| **Last day to conduct Settlement Conference** | | | | | **12/13/10** |
| **Last Day to Amend Pleadings or Add Parties** | | | | | **6/14/10** |

# EXHIBIT A