UCT   4 2010

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

1  **CARMEN A. TRUTANICH**, City Attorney - SBN 86629x
   **GARY G. GEUSS**, Chief Assistant City Attorney
2  **CORY BRENTE**, Assistant City Attorney
   **CHRISTIAN R. BOJORQUEZ**, Deputy City Attorney - SBN 192872
3  christian.bojorquez@lacity.org
   200 North Main Street, 6th Floor, City Hall East
4  Los Angeles, CA  90012
   Phone No.: (213) 978-6900, Fax No.: (213) 978-8785
5
6  *Attorneys for Defendants* CITY OF LOS ANGELES,
   a municipal corporation, also named as the LOS ANGELES
   POLICE DEPARTMENT, a non-suable entity,
7  ANDREW MONSUE and HOWARD LANDGREN

8

9                    UNITED STATES DISTRICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11 BRUCE E. LISKER,                    )  CASE NO.: CV09-09374 AHM (RCx)
                                       )
12                                     )  DISCOVERY MATTER
                                       )  *[The Hon. Rosalyn M. Chapman,*
13             Plaintiff,              )  *Courtroom 23 - 3rd Floor]*
                                       )
14      vs.                            )
                                       )
15                                     )  STIPULATION FOR PROTECTIVE
                                       )  ORDER AND ~~PROPOSED~~ ORDER
16 CITY OF LOS ANGELES; LOS            )
   ANGELES POLICE                      )
17 DEPARTMENT, ANDREW                  )  [Notice of Lodgment Filed Concurrently
   MONSUE, HOWARD LANDGREN,            )  Herewith]
18 and DOES 1 TO 10,                   )
                                       )
19             Defendants             )

20 _____       NOTE CHANGES MADE BY THE COURT.

21

22 **TO THE HONORABLE COURT:**

23        After the Plaintiff BRUCE LISKER, individually, (hereinafter referred to as

24 "Plaintiff"), by and through his attorney of record, William J. Genego, Esq., of

25 Nasatir, Hirsch, Podberesky, Khero & Genego, and Defendants CITY OF LOS

26 ANGELES, LOS ANGELES POLICE DEPARTMENT (the "Department"),

27 ANDREW MONSUE and HOWARD LANDGREN (hereinafter collectively referred

28 *Lisker-Protective Order*
   *Page 1 of 9*
                                       1

1   to as "Defendants"), by and through their attorneys of record, Carmen A. Trutanich,

2   City Attorney, Cory M. Brente, Supervising Assistant City Attorney and Christian R.

3   Bojorquez, conferred regarding outstanding discovery issues, the parties have

4   **HEREBY STIPULATED AND AGREED** that the following Protective Order, and

5   its terms shall govern documents that are designated confidential documents and/or

6   writings.  At this time, the parties have agreed that certain discoverable

7   Administrative Investigation documents and writings, certain discoverable documents

8   and writings in personnel files, along with documents and writings of the Internal

9   Affairs Investigation initiated by Plaintiff, will be provided pursuant to the terms set

10  forth below: As used above and throughout, "documents" includes audio and video

11  recordings.  Such documents and writings shall be referred to as "CONFIDENTIAL

12  MATERIAL" (or "CONFIDENTIAL MATERIALS") throughout this stipulation and

13  protective order.

14                    *I.   GOOD CAUSE STATEMENT*

15          The Department conducts internal administrative investigations of Officer

16  Involved Uses of Force and Complaint Investigations (hereinafter "Administrative

17  Investigations") and also maintains personnel files on its officers that include, among

18  other things, personnel training information.  Once an Administrative Investigation is

19  initiated, a formal investigation number is prepared.  Such investigations are reviewed

20  by appropriate command officers in the Department.  Such review has several

21  purposes:  (1) to determine whether the involved officers violated any Department

22  policies or procedures; (2) to determine whether administrative discipline and/or

23  retraining of the involved officers is necessary; and (3) to ascertain if police policies

24  and procedures in such areas as supervision, training, tactics, policies, etc., should be

25  modified.  Administrative Investigations are an essential aid to providing critical

26  evaluation of Department officers and policies, and to determine the most effective

27  way to serve the citizens of Los Angeles.

28  *Lisker-Protective Order*
    *Page 2 of 9*

                              2

1    The Department strives to maintain the confidentiality of any officer's
2    personnel file, Administrative Investigations, and the information contained therein,
3    in recognition of the protections granted pursuant to, *inter alia*, California Penal Code
4    sections 832.5, 832.7, and 832.8, and 1040 of the California Evidence Code.  Federal
5    law also provides protections from disclosure in the form of the official information
6    privilege, deliberative process privilege and critical self-analysis privilege.

7    As a result, the parties have agreed to this Proposed Protective Order covering
8    disclosure of the referenced CONFIDENTIAL MATERIAL for the following Good
9    Cause reasons:

10    a.    Confidential material appears in Administrative Investigations and
11    officers' personnel files.  Administrative Investigations and training/employment in
12    personnel files include information that is both personal in nature and could
13    potentially impact the liberty interests of the involved police officers and/or civilians
14    named within in the case of Administrative Investigations.  The information obtained
15    from Administrative Investigations and training/employment records can result in,
16    and has been used to initiate, disciplinary action against officers and serve as
17    evidence in disciplinary proceedings.

18    b.    Unfettered release of Administrative Investigations and
19    training/employment records has the potential for serious, negative results.  In terms
20    of societal interests, it would inhibit the Department's ability to engage frankly in
21    critical self-analysis.  Public exposure of Administrative Investigations and
22    training/employment records could also threaten the safety and well-being of officers
23    and other individuals, their families and associates.  Many Administrative
24    Investigations and training/employment records in personnel files include
25    embarrassing facts.  At a minimum, disclosure of an entire Administrative
26    Investigation and/or personnel file would cause needless intrusion upon privacy
27    rights.  For all of these reasons, persons interviewed in the course of an

28    *Lisker-Protective Order*
*Page 3 of 9*

1   Administrative Investigation by investigators and supervisors are advised that
2   statements they provide are being taken for the confidential use of the Department.
3        c.      The materials and interview statements included in Administrative
4   Investigations and training/employment records are maintained in protected files in
5   order to maintain their confidentiality.  These files are not routinely shown to other
6   City departments.  Even then, information that is not clearly relevant to the rationale
7   governing the request is redacted to ensure the utmost regard for the privacy rights of
8   those mentioned within a given record.  The records are not available to the general
9   public except by court order.  The Department frequently requests in camera hearings
10  to determine the relevance for release of all or part of a given report/record, again to
11  ensure that constitutionally protected privacy rights of those named or otherwise
12  identified within the body of the report/records.
13       d.      In each case involving court-ordered disclosure of information from an
14  Administrative Investigation or personnel file sought in state or federal court, it is
15  Department policy to seek a protective order (1) limiting use of the information to the
16  case at trial and (2) identifying those persons who may properly be granted access to
17  the information.  Absent a protective order, it becomes unrealistic that the large
18  number of attorneys, secretaries, law clerks, paralegals and witnesses involved in
19  most or all cases will be able to maintain proper confidentiality of personal, private
20  material.  The protective orders that the Department requests further provide that said
21  reports/records be returned to the Department after the case has terminated, whether
22  by final judgment or otherwise.  This request serves to ensure that intrusion into the
23  privacy and employment rights of those involved is limited to the particular case in
24  which the requested documents or information may be relevant.
25               *II.    TERMS OF THE PROTECTIVE ORDER*
26       1.      Defendants may designate as confidential any requested and otherwise
27  discoverable CONFIDENTIAL MATERIAL that they believe, in good faith, contains
28  *Lisker-Protective Order*
    *Page 4 of 9*

1  information of a privileged, confidential, private or sensitive nature, by affixing to

2  such document or writing a legend, such as "Confidential," "Confidential

3  Documents," "Confidential Documents Subject to Protective Order" or words of

4  similar effect.  Documents and writings so designated, and the information they

5  contain, shall be treated in accordance with the terms of this stipulation and protective

6  order.

7          2.      Documents, records and writings already produced by Plaintiff to

8  Defendants and documents, records and writings already in Plaintiff's counsel

9  possession are not subject to such a designation and are not subject to this stipulation

10 or protective order.  If Plaintiff's counsel believes that any CONFIDENTIAL

11 MATERIAL that has been designated by Defendants as Confidential Information

12 does not warrant that designation, Plaintiff's counsel will so advise Defendants'

13 counsel. The parties will attempt in good faith to resolve the question whether the

14 designation is warranted. *pursuant to Local Rule 37-1.* If the parties are unable to resolve the matter informally,

15 the disagreement will be resolved by the Magistrate Judge (or District Judge, if

16 appropriate), in conformity with the Federal Rules of Civil Procedure and the Local

17 Rules governing discovery disputes.  Notwithstanding Plaintiff counsel's belief that a

18 document, writing or other material that has been designated by Defendants as

19 Confidential does not warrant that designation, Plaintiff's counsel will continue to

20 treat it as such in accordance with the terms of this Protective Order unless and until

21 the parties agree otherwise or the Court orders otherwise.

22          3.      CONFIDENTIAL MATERIAL may be used by the persons

23 receiving such information only for the purpose of this litigation.  It may not be

24 utilized to seek discovery in any other matter and/or case, except this one.  It may also

25 not be disclosed, revealed, shown, discussed, or otherwise made known to any

26 individual(s) not party to this litigation.

27

28  *Lisker-Protective Order*
    *Page 5 of 9*

1        4.    Subject to the further conditions imposed by this stipulation,

2    CONFIDENTIAL MATERIAL may be disclosed only to the following persons:

3        (a)    Counsel for the parties, the parties, and experts,

4    investigators, paralegal assistants, office clerks, secretaries and other such personnel

5    working under their supervision and/or selection of Plaintiff's counsel.

6        (b)    Such other parties as may be agreed by written stipulation

7    among the parties hereto, or by Court order; and

8        (c)    All Court Personnel in which this case is assigned.

9        5.    Prior to the disclosure of any CONFIDENTIAL MATERIAL to

10   any person described in paragraph 4(a) or 4(b), counsel for the party that has received

11   and seeks to use or disclose such CONFIDENTIAL MATERIAL shall first provide

12   any such person with a copy of this stipulation, and shall cause him or her to execute,

13   on a second copy which counsel shall thereafter serve on the other party the following

14   acknowledgment:

15       I understand that I am being given access to Confidential

16       Information pursuant to the foregoing stipulation and order.

    I have read the Order and agree to be bound by its terms

17       with respect to the handling, use and disclosure of such

18       Confidential Information.

19       Dated: _____ /s/_____

20       The requirement that an executed copy of the stipulation by any person being

21   given access to Confidential Material be served on the other party shall not require a

22   party to disclose the identity of an expert or consultant (or prospective expert or

23   consultant) in advance of the date the identity of such persons is otherwise required to

24   be disclosed by the Court's scheduling order. Where an expert, consultant or any

25   other person whose identity, if disclosed, might convey information about a party's

26   case preparation and/or strategy is given access to CONFIDENTIAL MATERIAL,

27   the attorney providing access to that person shall keep and preserve the executed

28   *Lisker-Protective Order*
*Page 6 of 9*

1  stipulation in his or her possession, until such time as the identify of the person is

2  disclosed to the other party.

3         6.     Upon the final termination of this litigation, including any appeal

4  pertaining thereto, all CONFIDENTIAL MATERIAL and all copies thereof,

5  including but not limited to CONFIDENTIAL MATERIAL provided to experts and

6  investigators, shall be returned to the Defendant City of Los Angeles through the City

7  Attorney's Office.

8         7.     If Plaintiff's counsel or any person to whom Plaintiff has disclosed

9  CONFIDENTIAL MATERIAL receives a subpoena or other request seeking

10  CONFIDENTIAL MATERIAL, he, she or it shall immediately give written notice to

11  the Defendants' counsel, identifying the CONFIDENTIAL MATERIAL sought and

12  the time in which production or other disclosure is required, and shall object to the

13  request or subpoena on the grounds of this stipulation so as to obtain an order barring

14  production or other disclosure.  It should be noted that in no event should production

15  or disclosure be made without written approval by the Defendants' counsel, unless

16  required by court order arising from a motion to compel production or disclosure of

17  CONFIDENTIAL MATERIAL.

18         8.     Any party that submits or files any pleadings, motions, briefs,

19  declarations, stipulations, exhibits or other written submissions to the Court in this

20  litigation which contain, reflect, incorporate or refer to the substance or content of

21  CONFIDENTIAL MATERIALS, shall apply to do so under seal, in accordance with

22  the Federal Rules of Civil Procedure and the Local Rules.

23         9.     The parties agree that the spirit of confidentiality as protected in

24  this order will apply to all pretrial proceedings.  To that end, in the course of any

25  public pretrial proceeding, before any party offers CONFIDENTIAL MATERIALS

26  into evidence, and before any party discusses in detail or otherwise discloses in detail

27  the substance and/or content of such CONFIDENTIAL MATERIALS, the party will

28  *Lisker-Protective Order*
*Page 7 of 9*

1    inform the other parties, outside the presence of the public, and allow for a motion to

2    the Court to close the proceedings to the public so that each party's

3    position/objections made be fully heard.

4           10.     At trial, all of the CONFIDENTIAL MATERIAL that was

5    designated as Confidential, and/or kept and maintained pursuant to the terms of the

6    protective order that will be or is used in court, or will be or is disclosed to the Court,

7    becomes public and will be presumptively available to all members of the public,

8    including the press, unless sufficient cause is shown in advance of the trial to proceed

9    otherwise, by the party seeking to do so.

10          11.     Nothing herein shall prejudice any party's rights to object to the

11    introduction of any CONFIDENTIAL MATERIAL into evidence, on any evidentiary

12    grounds including but not limited to relevance and privilege.

13          12.     During the course of depositions, when counsel notes that a

14    question concerns CONFIDENTIAL MATERIAL, or concerns a general area that

15    counsel believes should be covered by the scope of this Stipulation and Order, those

16    witnesses (as identified in Paragraph 4(a) herein) may answer the question, without

17    waiver of its protected status. Such questions and answers to those questions will be

18    covered by the terms of this protective order. Any documents deemed confidential

19    pursuant to this protective order that are used as exhibits in any deposition shall be

20    sealed by the deposition officer.

21          13.     To the extent permitted by the Federal Rules of Civil Procedure

22    and the Local Rules, this Protective Order survives settlement, trial, verdict and/or

23    appeal; *however, the Court does not retain jurisdiction to enforce it.*

24          14.     This Stipulation may be signed in sub-parts and may be

25    transmitted by facsimile as if it was the original document. Defendants will lodge this

26    executed Stipulation with the Court for approval.

27

28    *Lisker-Protective Order*
        *Page 8 of 9*

1  *IT IS SO STIPULATED:*

2

3  Dated: September 30, 2010

4  NASATIR, HIRSCH, PODBERESKY, KHERO & GENEGO

5

6  By: _____

7  WILLIAM J. GENEGO, Esq.

8  Attorneys for Plaintiff BRUCE LISKER

9

10  Dated: September 30, 2010

11  CARMEN A. TRUTANICH, City Attorney

12

13  By _____

14  CHRISTIAN R. BOJORQUEZ, Deputy City Attorney

15  Attorneys for Defendants

16

17  *IT IS SO ORDERED:* as amended in paras. 2 + 13.

18

19

20

21  Dated: 10/4/20 ,

22  HON. ROSALYN CHAPMAN
   *United States Magistrate Judge*

23  *Presented by:*

24  _____/S/_____
   *Christian R. Bojorquez, DCA*

25

26

27

28  *Lisker-Protective Order*
   *Page 9 of 9*

9