BARRETT S. LITT, SBN 45527
E-Mail: blitt@littlaw.com
LINDSAY BATTLES SBN 262862
Litt, Estuar & Kitson, LLP
1055 Wilshire Boulevard, Suite 1880
Los Angeles, California 90017
Telephone: (213) 386-3114
Facsimile:  (213) 380-4585

WILLIAM J. GENEGO, SBN. 103224
E-Mail: wgenego@gmail.com
VICKI I. PODBERESKY, SBN. 123220
Nasatir, Hirsch, Podberesky & Genego
2115 Main Street
Santa Monica, California 90405
Telephone: (310) 399-3259

Attorneys for Plaintiff Bruce Lisker

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE LISKER,<br><br>             Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES,<br>et al.,<br><br>             Defendants. | CASE NO CV 09-9374 AHM (RC)<br><br>**DECLARATION OF BARRETT S. LITT IN SUPPORT OF PLAINTIFF'S MOTION TO ALLOW PLAINTIFF TO RETAIN RICHARD LEO AS A CONSULTANT OR EXPERT**<br><br>Hearing Date:     April 18, 2011<br>Hearing Time:     10:00 A.M.<br>Courtroom:         14<br><br>Trial Date:         October  17, 2011<br>TIME:                 8:00 A.M. |

### DECLARATION OF BARRETT S. LITT

I, Barrett S. Litt, hereby state and declare as follows:

1. I am a member of the Bar of this Court and am one of the counsel for Plaintiff.

2. I discussed with my co-counsel, William Genego, the fact that Defendants would attempt to use inculpatory statements which Mr. Lisker made to the California Youth Authority to attempt to ensure his release by the age of 25, and later to California Board of Prison Terms to attempt to qualify for parole. We concluded that we should retain the services of a consultant/expert who would address the various issues related to the reliability of such statements. Mr. Genego had retained Professor Richard Leo in another case, and I was generally familiar with his credentials although I had never retained him. Professor Leo is probably the leading expert in the country on the issues related to the reliability of inculpatory statements made to government officials in the course of criminal proceedings. We agreed that we would contact Professor Leo to discuss the possibility of retaining him in this case.

3. Several weeks ago, in February of this year, Mr. Genego made contact with Professor Leo regarding setting up a call to discuss his retention in this case. When it emerged from that contact that counsel for the City had had some contact with Professor Leo, but not retained him, we arranged a call with Professor Leo in which we asked that he provide us the details of his contact with the City without disclosing anything confidential (if there was anything confidential). Based on that information, on our legal research into the standards for disqualification, and on Professor Leo's willingness to consider being retained subject to Court approval (which we suggested), Mr. Genego and I concluded that Plaintiff should be allowed to retain Professor Leo, and that the City had not established a confidential relationship with Professor Leo nor had it communicated confidential information.

4.      We communicated our position to defense counsel on February 22 and, on March 2, had a meet and confer with him. His position was that we were not allowed to retain Professor Leo. We informed him that we would not proceed to retain Professor Leo in light of the defense objection, but rather would file a motion with the Court to resolve the issue and, in that connection, would obtain a declaration from Professor Leo.

5.      In the meet and confer on March 2, defense counsel did not identify any confidential information that was discussed during the initial consultation with Professor Leo, beyond the general assertion that he disagreed with our conclusion and that he did communicate confidential information. He identified no specific disclosures that would prejudice the defense's position in this litigation.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge.

Executed at Los Angeles, California, on March 15, 2011.

_____/s/  Barrett S. Litt_____
Barrett S. Litt

2