BARRETT S. LITT, SBN 45527
E-Mail: blitt@littlaw.com
LINDSAY BATTLES SBN 262862
Litt, Estuar & Kitson, LLP
1055 Wilshire Boulevard, Suite 1880
Los Angeles, California 90017
Telephone: (213) 386-3114
Facsimile: (213) 380-4585

WILLIAM J. GENEGO, SBN. 103224
E-Mail: wgenego@gmail.com
VICKI I. PODBERESKY, SBN. 123220
Nasatir, Hirsch, Podberesky & Genego
2115 Main Street
Santa Monica, California 90405
Telephone: (310) 399-3259

Attorneys for Plaintiff Bruce Lisker

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| BRUCE LISKER,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, et al.,<br><br>Defendants. | CASE NO CV 09-9374 AHM (RC)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO DISMISS CLAIMS 2 AND 3 OF THE COMPLAINT WITHOUT PREJUDICE; MEMORANDUM OF POINTS AND AUTHORITIES.**<br><br>Hearing Date:    April 18, 2011<br>Hearing Time:   10:00 A.M.<br>Courtroom:       14<br><br>Trial Date:         October 17, 2011<br>Time:                 8:00 A.M. |
|---|---|

TO DEFENDANTS AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on April 18, 2011, at 10:00 a.m., in Courtroom #14 of the United States District Court for the Central District of California, 312 North Spring Street, Los Angeles, California 90012, Plaintiff Bruce Lisker will, and hereby does, move the Court to issue an order dismissing Claim 2 (malicious prosecution) and Claim 3 (violation of privilege against self-incrimination (Miranda)) of Plaintiff's complaint without prejudice, pursuant to F.R.Civ.P. 41(a)(2).

Plaintiff's motion is based on this Notice of Motion, the complete files and records of this action, the Memorandum of Points and Authorities, and supporting declarations filed and served concurrently herewith, and on any oral argument to be made at any hearing on the motion.

The parties met and conferred on this motion on March 14, 2011, and were unable to reach substantive agreement.

DATED: March 18, 2011   Respectfully Submitted,

LITT, ESTUAR & KITSON LLP
NASATIR, HIRSCH, PODBERESKY, KHERO & GENEGO PLC

By:___/s/ Barrett S. Litt_____
    Barrett S. Litt
    Attorneys for Plaintiff

# MEMORANDUM OF POINTS & AUTHORITIES

## I. STATEMENT OF THE FACTS

Plaintiff has five claims in his Complaint, two of which he seeks, through this motion, to dismiss without prejudice. The Claims are:

1. Due Process Violation (false evidence).
2. Due Process Violation (malicious prosecution).
3. Violation of Privilege Against Self-Incrimination (Miranda)
4. Due Process Violation (Brady).
5. Monell Claim

For reasons unrelated to the merits of the Claims, but based upon Plaintiff's counsel's determination that it will simplify and clarify the issues in the case, Plaintiff seeks to dismiss Claims 2 and 3.

## II. PLAINTIFF SHOULD BE PERMITTED TO DISMISS HIS CLAIMS WITHOUT PREJUDICE PURSUANT TO F.R.CIV.P. 41(A)(2).

Federal Rule of Civil Procedure 41(a)(2) provides:

"Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."

There is no counter-claim in this case, so the sole reason not to grant the dismissal addressed by Rule 41 does not apply here. In examining a request for dismissal under Rule 41(a)(2), a district court "must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Westlands Water Dist. v. United States,* 100 F.3d 94, 96 (9th Cir.1996);

1

*Hamilton v. Firestone Tire & Rubber Co.,* 679 F.2d 143, 145 (9th Cir.1982). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches,* 263 F.3d 972, 975 (9th Cir.2001); *Waller v. Financial Corp. of Am.,* 828 F.2d 579, 583 (9th Cir.1987). The term "legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." *Smith, supra*, 263 F.3d at 976; *Westlands, supra*,100 F.3d at 97. "[U]ncertainty because a dispute remains unresolved or because the threat of future litigation ... causes uncertainty does not result in plain legal prejudice." *Smith,* 263 F.3d at 976; *Westlands,* 100 F.3d at 96-97. "Also, plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Smith,* 263 F.3d at 976; *Hamilton, supra*, 679 F.2d at 145. "A dismissal under Rule 41(a)(2) normally is without prejudice, as explicitly stated in that rule." *Smith,* 263 F.3d at 976. However, the district court retains the discretion to dismiss an action with prejudice. *Hargis v. Foster,* 312 F.3d 404, 406 (9th Cir.2002). "Dismissal with prejudice may be appropriate where it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action." *Williams v. Peralta Cmty. College Dist.,* 227 F.R.D. 538, 539-40 (N.D.Cal.2005); *Burnette v. Godshall,* 828 F.Supp. 1439, 1443 (N.D.Cal.1993).

  As this discussion makes clear, the norm for a dismissal under Rule 41 is a dismissal without prejudice. The only reason not to do so is if the defendant can demonstrate "plain legal prejudice". Presumably, Defendants' only conceivable claim of prejudice is the hypothetical possibility that the dismissed claims could be re-filed. However, prejudice is not established merely because there is a hypothetical possibility that the claim could be timely brought again.

1  Defendants can point to no "plain legal prejudice" to preclude the dismissal of
2  these claims without prejudice. *See Smith, Wetlands, Hamilton, supra.*
3  　　　Even that hypothetical possibility does not exist in this case because
4  Plaintiff is retaining his other claims. Once those other claims are resolved,
5  Plaintiff will not be able to file suit on the dismissed claims without running
6  afoul of the rule against splitting a cause of action, which is a species of claim
7  preclusion, and is determined based upon the claim preclusion test of whether
8  the claim arises from the same nucleus of facts. *See, e.g., Adams v. California*
9  *Dept. of Health Services*, 487 F.3d 684, 688-89 (9th Cir. 2007) ("To ascertain
10 whether successive causes of action are the same, we use the transaction test,
11 developed in the context of claim preclusion. 'Whether two events are part of
12 the same transaction or series depends on whether they are related to the same
13 set of facts and whether they could conveniently be tried together.' *Western*
14 *Sys., Inc. v. Ulloa,* 958 F.2d 864, 871 (9th Cir.1992) (citing Restatement
15 (Second) of Judgments §24(1) (1982))"; most important criterion is "whether
16 the two suits arise out of the same transactional nucleus of facts").
17 　　　Plaintiff seeks a dismissal without prejudice because that is the
18 appropriate relief in this context and because he does not wish to open the door
19 to any contention by Defendants that the dismissal of these claims affects in any
20 manner the validity and justiciability of the claims that are not being dismissed.
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## III.  CONCLUSION

For the reasons stated above, Claims 2 and 3 should be dismissed without prejudice.

DATED: March 18, 2011          Respectfully Submitted,

LITT, ESTUAR & KITSON LLP
NASATIR, HIRSCH, PODBERESKY, KHERO & GENEGO PLC

By:__/s/ Barrett S. Litt_____
    Barrett S. Litt
    Attorneys for Plaintiff

4