**CARMEN A. TRUTANICH**, City Attorney - **SBN 86629x**
**GARY G. GEUSS**, Chief Assistant City Attorney
**CORY BRENTE**, Assistant City Attorney
**CHRISTIAN R. BOJORQUEZ**, Deputy City Attorney, **SBN 192872**
Christian.Bojorquez@lacity.org
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA  90012
Phone No.: (213) 978-6900, Fax No.: (213) 978-8785

*Attorneys for Defendants* CITY OF LOS ANGELES, a municipal corporation, also named as the LOS ANGELES POLICE DEPARTMENT, a non-suable entity, ANDREW MONSUE and HOWARD LANDGREN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE E. LISKER,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT, ANDREW MONSUE, HOWARD LANDGREN, and DOES 1 TO 10,<br><br>Defendants | CASE NO.: CV09-09374 AHM (RCx)<br><br>[*The Hon. A. Howard Matz, Courtroom 14*]<br><br>DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS CLAIMS 2 & 3 OF COMPLAINT W/OUT PREJUDICE<br><br>Date:       April 18, 2011<br>Time:       10:00 a.m.<br>Courtroom: 14 |

**TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, on April 18, 2011, at 10:00 a.m. or as soon thereafter as the matter may be heard, Defendants City of Los Angeles, Andrew Monsue and Howard Landgren will hereby request this Court, which is located in Courtroom 14 at 312 North Spring Street, Los Angeles, California 90012, deny Plaintiff's Notice of Motion and Motion to Dismiss Claims 2 and 3 of the Complaint Without Prejudice.

1

1 | This Opposition will be based upon this Notice, the attached Memorandum of Points and Authorities, the pleadings and papers on file, and such argument as may be made at the time of said hearing.

DATED: March 28, 2011

Respectfully submitted,

**CARMEN A. TRUTANICH**, City Attorney
**GARY G. GEUSS**, Chief Assistant City Attorney
**CORY M. BRENTE**, Supervising City Attorney

By: /S/
**CHRISTIAN R. BOJORQUEZ**, Deputy City Atty

*Attorneys for Defendants*

## I. MEMORANDUM OF POINTS AND AUTHORITIES

### A. INTRODUCTION

In this particular case, Plaintiff's Motion to Dismiss should be denied for the following grounds: 1) Plaintiff seeks his suggested dismissal, without prejudice, through an avenue not recognized, nor permitted, by the Ninth Circuit. <u>Hells Canyon Preservation Council v. U.S. Forest Service</u>, 403 F.3d 683 (9th Cir. 2005); 2) According to this Court's Original Scheduling Order, the last day to amend the pleadings was June 14, 2010 (6-14-10) and this date was never changed, nor was it ever extended/continued. As a result, Plaintiff's Motion is untimely and in violation of this Court's Scheduling Order; and 3) Plaintiff failed to establish, much less argue, "good cause" under *Rule 16*. Thus, Plaintiff's Motion to Dismiss should be denied in its entirety.

### B. ARGUMENT

#### 1. *Plaintiff May NOT use Rule 41(a) in this Instance*

Under *Rule 41(a)*, Courts have only "allow[ed] the dismissal of all claims against one defendant, so that a defendant may be dismissed from the entire action. Nothing in the case law suggests that *Rule 41(a)* extends to the voluntary withdrawal of individual claims against a defendant remaining in the case." <u>Hells Canyon Preservation Council v. U.S. Forest Service</u>, *supra*, 403 F.3d at 687. Consequently, a Plaintiff may not use *Rule 41(a)(2), nor Rule 41(a)(1)*, of the Federal Rules of Civil Procedure to dismiss an single claim or more from a multi-claim complaint that does not dismiss any defendant(s). <u>Id</u>. at 686-690 (9th Circuit discussing that they "agree that there is no reason to make a distinction [between *Rule 41(a)(1) and Rule 41(a)(2)*"); see also, <u>Ethridge v. Harbor House Restaurant</u>, 861 F.2d 1389, 1392 (9th Cir. 1988).

Moreover, the appropriate and recognized manner for accomplishing what Plaintiff is seeking to do would have been Federal *Rule 15(a)*. *Rule 15(a)* is considered and recognized as the "'appropriate mechanism'" for a plaintiff when he/she "'desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any defendants.'" <u>Ethridge v. Harbor House Restaurant</u>, *supra*, 861 F.2d

3

at 1392 (quoting 5 J. Moore, J Lucas & J. Wicker, *Moore's Federal Practice* para. 41-06-1, at 41-83 to - 84 (1987); see also Hells Canyon Preservation Council v. U.S. Forest Service, 403 F.3d at 686-690. Courts have found that the "fact that a voluntarily dismissal of a claim under *Rule 41(a)* "'is properly labeled an amendment under Rule 15 is a technical, not a substantive, distinction.'" Id. at 689. Nevertheless, the inquiry in this matter does not end there.

  2. *Since Scheduling Order designated 6/10/10 as Last Day to Amend, Plaintiff Must Show "Good Cause" for Amendment under Rule 16(b)*

  In this particular case, this Court entered a Scheduling Order that provided June 10, 2010, as the last day to amend the pleadings. The purpose of entering a Scheduling Order pursuant to *Rule 16* is that it "must limit the time to join other parties, amend the pleadings . . ." *Fed. Rule Civ. Pro., Rule 16*. Consequently, since Plaintiff filed this Motion on March 18, 2011, well past this Court's Scheduling Conference deadline, Plaintiff's request to dismiss claims is governed by *Rule 16(b)*, not *Rule 15(a)*. Johnson v. Mammoth Recreations Inc., 975 F.2d 604, 608 (9th Cir. 1992). Pursuant to Rule 16(b)(4), a "schedule may be modified only for good cause and with the Judge's consent." *Fed. Rule Civ. Pro., Rule 16(b)(4)*; see also Johnson v. Mammoth Recreations Inc., *supra*, 975 F.2d at 608. Ultimately, "Plaintiff's motion fails to recognize that the liberal amendment standard set out in *Rule 15(a)* is inapplicable until Plaintiff first demonstrates that "'good cause'" as prescribed by *Rule 16(b)* justifies the amendment. Jackson v. Laureate, Inc., 186 F.R.D. 605, 606-607 (ED Cal. 1999). Only after "good cause" is established and accepted by the Court may the moving party then seek relief through *Rule 15*. Johnson v. Mammoth Recreations Inc., *supra*, 975 F.2d at 608.

  As a result, a Court's evaluation of the "good cause" requirement is not similar to the standard seeking amendment under *Rule 15*. Johnson v. Mammoth Recreations Inc., *supra*, 975 F.2d at 609. Unlike *Rule 15's* liberal approach which evaluates the bad faith of the moving party and the prejudice to the opposing side, *Rule 16(b)* requires a consideration of "good cause" focusing on the "diligence of the party seeking the

Case 2:09-cv-09374-ODW-AJW   Document 62   Filed 03/28/11   Page 5 of 7   Page ID #:478

amendment." <u>Ibid</u>. Plaintiff has not satisfied, much less attempted to even address, this "good cause" requirement. (Plaintiff's Motion to Dismiss Claims 2&3). As a result, it should be denied in its entirety. The <u>Johnson</u> Court concluded their legal analysis by stating:

> A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.' [citations omitted] The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of Johnson's case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. *Rule 16* was drafted to prevent this situation and its standards may not be short-circuited by an appeal to those of *Rule 15*.

Id. at 610.

As a result of Plaintiff's failure to properly seek his request, coupled with the fact that he overlooked the requirement to first establish "good cause" under *Rule 16,* his Motion to Dismiss should be denied in its entirety. In fact, this Court can deny the Motion solely on the basis that it was untimely, as it was filed after the Scheduling Order cut-off date and no request to modify the order had been obtained. <u>Johnson v. Mammoth Recreations Inc.</u>, *supra,* 975 F.2d at 608-609 (describing <u>U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff</u>, 768 F.2d 1099, 1104 (9th Cir. 1985).

    3.    *Despite Plaintiff's Claims, Defendants Would be Tremendously Prejudiced* [1]

A Plaintiff should not be allowed to amend their complaint, including dismissing claims, when such a dismissal would "greatly change the nature of the litigation" and

---

[1] *Such a response by Defendants should in no way be looked upon as a waiver of their objections to Plaintiff's failure to seek relief from this Court's Scheduling Order. Defendants merely identify that, in fact, they would be prejudiced by what Plaintiff is seeking. Defendants argue that Plaintiff's Motion should be denied in its entirety. Defendants reserve their right to make further substantive arguments in the event Plaintiff re-attempts to bring an appropriate Motion.*

5

amendment." <u>Ibid</u>. Plaintiff has not satisfied, much less attempted to even address, this "good cause" requirement. (Plaintiff's Motion to Dismiss Claims 2&3). As a result, it should be denied in its entirety. The <u>Johnson</u> Court concluded their legal analysis by stating:

> A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.' [citations omitted] The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of Johnson's case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. *Rule 16* was drafted to prevent this situation and its standards may not be short-circuited by an appeal to those of *Rule 15*.

Id. at 610.

As a result of Plaintiff's failure to properly seek his request, coupled with the fact that he overlooked the requirement to first establish "good cause" under *Rule 16,* his Motion to Dismiss should be denied in its entirety. In fact, this Court can deny the Motion solely on the basis that it was untimely, as it was filed after the Scheduling Order cut-off date and no request to modify the order had been obtained. <u>Johnson v. Mammoth Recreations Inc.</u>, *supra,* 975 F.2d at 608-609 (describing <u>U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff</u>, 768 F.2d 1099, 1104 (9th Cir. 1985).

    3.    *Despite Plaintiff's Claims, Defendants Would be Tremendously Prejudiced* [1]

A Plaintiff should not be allowed to amend their complaint, including dismissing claims, when such a dismissal would "greatly change the nature of the litigation" and

---

[1] *Such a response by Defendants should in no way be looked upon as a waiver of their objections to Plaintiff's failure to seek relief from this Court's Scheduling Order. Defendants merely identify that, in fact, they would be prejudiced by what Plaintiff is seeking. Defendants argue that Plaintiff's Motion should be denied in its entirety. Defendants reserve their right to make further substantive arguments in the event Plaintiff re-attempts to bring an appropriate Motion.*

"require[] defendants to . . . undertake[], at a late hour, an entirely new course of defense." Morongo v. Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

In this particular case, Defendants would be severely prejudiced by the dismissal contemplated by Plaintiff. In essence, Plaintiff filed his lawsuit and the Defendants began to prepare their defense after being served. As the Ninth Circuit has explained, Defendants relied upon the dates set forth in this Court's Scheduling Order and designed its defense around that reliance. In his moving papers, Plaintiff is attempting to change the "playing field" in this matter by requesting that guilt not be considered with liability through a pending Motion in Limine. In fact, Plaintiff's entire Limine Motion incorrectly assumes that the only remaining causes of action are due process violations. While the Defendants do not agree, Plaintiff believes that if this were the case, then evidence of Plaintiff's guilt would be entirely inadmissable. Plaintiff further argues that if this Court determines guilt is admissible, then it would only come in during a damage phase and the Defendants would have the burden to prove Plaintiff was guilty beyond a reasonable doubt. Defendants deny this is the case and have Opposed Plaintiff's Limine Motion seeking such relief.

Nevertheless, in the event such a ruling was made, it would have a significant and prejudicial impact to the Defendants. Defendants have based their entire defense upon Plaintiff's complaint and the claims set forth within it. Without providing attorney-client work product, this would include written discovery, discussions and the retaining of experts/consultants, lengthy Local Rule 7-3 discussions regarding Plaintiff's complaint/claims and defense strategies, not to mention the expense that the Defendants have realized. Such a dismissal would "greatly change the nature of [our] litigation" and "require[] defendants to . . . undertake[], at [such] a late hour, an entirely new course of defense." Morongo v. Band of Mission Indians v. Rose, 893 F.2d at 1079. Plaintiff's decision to wait all this time cannot constitute "good cause" and is not justified. Instead, Plaintiff is guilty of "inordinate delay." Ibid.

## I. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Motion in its entirety without analysis on the merits, as Plaintiff has not timely filed the underlying motion. In the alternative, Plaintiff's Motion should be denied in its entirety for failing to seek, much less demonstrate "good cause" as is required under *Rule 16.*

DATED:   March 28, 2011

        Respectfully submitted,

        **CARMEN A. TRUTANICH**, City Attorney
        **GARY G. GEUSS**, Chief Assistant City Attorney
        **CORY M. BRENTE**, Supervising City Attorney

        By: /S/

        **CHRISTIAN R. BOJORQUEZ**, Deputy City Atty

        *Attorneys for Defendants*