Barrett S. Litt, SBN 45527
E-Mail: blitt@littlaw.com
Lindsay Battles, SBN 262862
Litt, Estuar & Kitson, LLP
1055 Wilshire Boulevard, Suite 1880
Los Angeles, California 90017
Telephone: (213) 386-3114
Facsimile: (213) 380-4585

William J. Genego, SBN 103224
E-Mail: wgenego@gmail.com
Vicki I. Podberesky, SBN 123220
Nasatir, Hirsch, Podberesky & Genego
2115 Main Street
Santa Monica, California 90405
Telephone: (310) 399-3259

Attorneys for Plaintiff Bruce Lisker

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE LISKER,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, et al.,<br><br>Defendants. | CASE NO CV 09-9374 AHM (RC)<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION OF PLAINTIFF'S MOTION TO DISMISS CLAIMS 2 AND 3 OF THE COMPLAINT WITHOUT PREJUDICE**<br><br>Hearing Date:   April 18, 2011<br>Hearing Time:   10:00 A.M.<br>Courtroom:      14<br><br>Trial Date:     October 17, 2011<br>Time:           8:00 A.M. |

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................ 1

II. LEGAL ARGUMENT ................................................................................ 1

    A. ..Plaintiff is Free Not to Pursue Claims and Defendants May Not Compel Him to Do So ........................................................................................ 1

    B. Plaintiff's Motion to Dismiss Pursuant to FRCP 41(a) Should Be Deemed a Motion to Amend Pursuant to FRCP 15(a) .............................. 2

    C. Plaintiff Has Satisfied The Liberal Amendment Requirements of FRCP 15(a) ........................................................................................... 3

        *1. The Standard for Granting Leave to Amend Under FRCP 15(a)* ....... 3
        *2. Plaintiff's Proposed Amendment Satisfies the Requirements of FRCP 15(a)* ...................................................................................... 3

    D. RULE 15(A)'S LIBERAL POLICY FOR AMENDING PLEADINGS APPLIES BECAUSE PLAINTIFF'S REQUEST TO DISMISS CLAIMS IS TIMELY UNDER THE APPLICABLE DEADLINE .......................... 7

    E. EVEN ASSUMING THE JUNE 14 DATE APPLIES, PLAINTIFF HAS ESTABLISHED GOOD CAUSE FOR MODIFYING IT ....................... 9

    F. DISMISSAL WITHOUT PREJUDICE IS THE APPROPRIATE RELIEF ........................................................................................... 10

III. CONCLUSION ....................................................................................... 11

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Adams v. California Department of Health Services*
    487 F.3d 684 (9th Cir. 2007) ...................................................................... 11

*AEP Energy Services Gas Holding Co. v. Bank of America, N.A.*
    626 F.3d 699 (2nd Cir. 2010) ........................................................................ 5

*Bivins v. Jeffers Vet Supply*
    873 F.Supp. 1500 (M.D.Ala. 1994) ............................................................... 2

*Bonilla v. Smithfield Associate, L.L.C.*
    2009 WL 4457304 (S.D.N.Y 2009) .............................................................. 2

*C.F. v. Capistrano Unified Sch. District*
    656 F. Supp. 2d 1190 (C.D. Cal. 2009) ....................................................... 10

*Coleman v. Quaker Oats Co.*
    232 F3d 1271 (9th Cir. 2000) ........................................................................ 9

*DCD Programs, Ltd. v. Leighton*
    833 F.2d 183 (9th Cir. 1987) ......................................................................... 3

*Davis v. Piper Aircraft Corp.*
    615 F.2d 606 (4th Cir.1980) ......................................................................... 4

*Ethridge v. Harbor House Restaurant*
    861 F.2d 1389 (9th Cir. 1988) ...................................................................... 2

*Griggs v. Pace American Group, Inc.*
    170 F.3d 877 (9th Cir.1999) ......................................................................... 3

*Harrison Beverage Co. v. Dribeck Importers, Inc.*
    133 F.R.D. 463 (D.N.J.1990) ...................................................................... 10

*Hells Canyon Preservation Council v. U.S. Forest Service*
    403 F.3d 683 (9th Cir. 2002) ............................................................... 2, 3, 10

*Hensley v. Eckerhart*
  461 U.S. 424 (1983) ................................................................................ 6

*Jackson v. Bank of Hawaii*
  902 F.2d 1385 (9th Cir. 1990) ................................................................ 3

*Johnson v. Mammoth Recreations, Inc.*
  975 F.2d 604 (9th Cir. 1992) ............................................................ 7, 10

*Laber v. Harvey*
  438 F.3d 404 (4th Cir. 2006) .................................................................. 4

*Owens v. Kaiser Foundation Health Plan, Inc.*
  244 F3d 708 (9th Cir. 2001) ................................................................... 5

*Paglin v. Saztec International, Inc.*
  834 F. Supp. 1184 (W.D. Mo. 1993) .................................................. 3, 5

*In re San Juan Dupont Plaza Hotel Fire Litigation*
  111 F.3d 220 (1st Cir.1997) .................................................................... 9

*Sierra Club v. Union Oil Co. of California*
  813 F.2d 1480 (9th Cir.1987) ................................................................. 4

*Solinsky v. Arthritis Foundation*
  636 F.Supp. 620 (E.D.N.Y. 1986) .......................................................... 2

*Torres v. Commonwealth of Puerto Rico*
  485 F.3d 5 (1st Cir.2007) ........................................................................ 9

*United States v. Webb*
  655 F.2d 977 (9th Cir. 1981) .................................................................. 3

*Wood County Airport Authority v. Crown Airways, Inc.*
  919 F.Supp. 960 (S.D.W.Va. 1996) ........................................................ 2

# FEDERAL STATUTES

FRCP 15 .................................................................................................. Passim
FRCP 15(a) .............................................................................................. Passim
FRCP 41(a) .............................................................................................. Passim

# MISCELLANEOUS

5 J. Moore, J. Lucas & J. Wicker, *Moore's Federal Practice* ¶41.06-1, at 41-83 to -84 (1987)............................................................................2

18 Fed. Prac. & Proc. Juris. §4411 (2d ed.)............................................................11

## I. INTRODUCTION

Plaintiff seeks to dismiss voluntarily and without prejudice claim 2 (for malicious prosecution) and claim 3 (violation of privilege against self-incrimination) of his complaint. Defendants object, and make two arguments in support of their opposition. First, Plaintiff improperly brought his motion pursuant to Federal Rule Civil Procedure ("FRCP") 41, as he should have made the motion pursuant to FRCP 15; and second, Plaintiff's request is subject to the June 14, 2010 date for amending pleadings set by the Court in its scheduling order and is therefore untimely pursuant to FRCP 41(a).

Plaintiff agrees, upon further review, that FRCP 41(a) does not allow for piecemeal dismissals, and that his request was thus procedurally inappropriate. Regardless, the motion should be granted because it satisfies the requirements of FRCP 15(a), which is the correct procedural mechanism.

Defendants' second argument fails for two alternative reasons. First, Plaintiff's request is subject to the general motions deadline of July 25, 2011, set by the Court's scheduling order, and not the June 14, 2010, date to amend pleadings. Plaintiff seeks solely to dismiss claims, not add new ones. Accordingly there is no sound basis to apply the Scheduling Order's deadline for amending the pleadings. Second, and alternatively, if the June 14th date applies, there is "good cause" under Rule 16 to permit the motion to be heard at this time.

## II. LEGAL ARGUMENT

### A. PLAINTIFF IS FREE NOT TO PURSUE CLAIMS AND DEFENDANTS MAY NOT COMPEL HIM TO DO SO

Plaintiff does not seek to file an amended complaint, but merely seeks an order dismissing two of his claims without prejudice. The Plaintiff decides which claims to pursue. Illustrating this point, plaintiffs may abandon claims by simply declining to litigate them. Indeed, courts may infer abandonment of a

claim where the plaintiff omits it from a pretrial order, which supersedes the pleadings. *Bivins v. Jeffers Vet Supply*, 873 F.Supp. 1500 (M.D.Ala. 1994); *Solinsky v. Arthritis Foundation*, 636 F.Supp. 620 (E.D.N.Y. 1986). Likewise, abandonment of a claim may be inferred where the plaintiff fails to respond to argument in a motion for summary judgment or motion to dismiss. *See e.g., Wood County Airport Authority v. Crown Airways, Inc.*, 919 F.Supp. 960, 964 n. 9 (S.D.W.Va. 1996); *Bonilla v. Smithfield Assoc., L.L.C.*, 2009 WL 4457304 (S.D.N.Y 2009). As far as Plaintiff can determine, no federal authority establishes that an opposing party, or even a court, may compel a plaintiff to pursue specific claims where the plaintiff has elected not to do so. Defendants' opposition, however, seeks to do exactly that. It essentially seeks an order compelling Plaintiff to pursue claims he has elected to abandon. Defendants' position lacks foundation in the law.

### B. PLAINTIFF'S MOTION TO DISMISS PURSUANT TO FRCP 41(A) SHOULD BE DEEMED A MOTION TO AMEND PURSUANT TO FRCP 15(A)

If Plaintiff's motion to dismiss claims is deemed to be a motion to file an amended complaint, it should be deemed to be made pursuant to FRCP 15(a) instead of FRCP 41(a). *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1988) (FRCP 15(a) is the appropriate mechanism when a plaintiff "desires to eliminate an issue, on one or more but less than all of several claims, but without dismissing any defendants."), quoting , 5 J. Moore, J. Lucas & J. Wicker, *Moore's Federal Practice* ¶41.06-1, at 41-83 to -84 (1987); *Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683 (9th Cir. 2002) (FRCP 41(a) does not permit voluntary withdrawal of individual claims against a defendant remaining in the case).

2

The failure to properly label dismissal of a claim as an amendment under Rule 15 is a "technical, not a substantive…" issue. *Hells Canyon Preservation Council*, 403 F.3d at 689 (9th Cir. 2002). Thus, the Court should deem Plaintiff's motion to be made pursuant to FRCP 15(a), rather that FRCP 41(a). *Hells Canyon Preservation Council*, 403 F.3d 683 at 690 (9th Cir. 2002).

### C. PLAINTIFF HAS SATISFIED THE LIBERAL AMENDMENT REQUIREMENTS OF FRCP 15(A)

#### *1. The Standard for Granting Leave to Amend Under FRCP 15(a)*

The Federal Rules of Civil Procedure direct a court to freely grant leave to amend a complaint "when justice so requires." FRCP 15(a). The denial of a motion to amend is reviewed for an abuse of discretion. *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 879-880 (9th Cir.1999). In determining whether to grant leave to amend, the Court should make "all inferences in favor of granting the motion" and with "extreme liberality". *Id.*

The Ninth Circuit has specified four factors a court is to consider in ruling on a motion to amend: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). These factors are not of equal weight. Prejudice to the opposing party is the most important. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Without prejudice or bad faith, delay is an insufficient basis to deny leave to amend. *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981) (delay alone is insufficient to deny leave to amend); *Paglin v. Saztec Int'l, Inc.*, 834 F. Supp. 1184, 1190 (W.D. Mo. 1993).

#### *2. Plaintiff's Proposed Amendment Satisfies the Requirements of FRCP 15(a)*

All of the FRCP 15(a) factors militate in favor of granting Plaintiff leave to dismiss two of his claims. Since Plaintiff is dismissing claims, rather than

3

adding claims, there is no need to consider the futility of the amendment. While Defendants claim that Plaintiff's request is untimely under the Court's scheduling order, they do not assert bad faith. Nor is there any basis for such an assertion.

Defendants primarily oppose the amendment on the basis of prejudice. They assert that elimination of the malicious prosecution claim will preclude certain defenses, thereby affecting their entire strategy at trial. What Defendants fail to explain is how elimination of the malicious prosecution claim in any way impairs their ability to defend against the remaining claims. Any evidence or argument relevant to the other claims remains admissible in the absence of the malicious prosecution claim. If dismissing the malicious prosecution claim ultimately precludes Defendants from introducing evidence irrelevant to other claims, that is not prejudice; it certainly is not the kind of prejudice envisioned by FRCP 15(a).

The nature of prejudice contemplated by FRCP 15(a) is prejudice caused by having to defend against new claims without sufficient notice. In assessing potential prejudice, courts focus on whether the amendment adds any new legal theories, and if so, whether the opposing party was on notice of the facts supporting those theories. *Sierra Club v. Union Oil Co. of California,* 813 F.2d 1480, 1493 (9th Cir.1987) (where the defendant was on notice of the additional proposed factual allegations, the defendant is not seriously prejudiced by the amendment); *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir.1980) ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of the defendant's case.").

Courts also consider whether the opposing party would have to expend significant resources to defend against new legal theories. *Laber v. Harvey*, 438

4

F.3d 404, 427 (4th Cir. 2006) ("A common example of a prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial"; an amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred)*; AEP Energy Services Gas Holding Co. v. Bank of America, N.A.*, 626 F.3d 699 (2nd Cir. 2010) (an amendment to the pleadings may be prejudicial when, among other things, it would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute.).

Litigation expenses incurred before the proposed amendment, including expenses incurred as a result of unnecessary discovery, do not render an amendment prejudicial. Prejudice within the meaning of Rule 15 encompasses only litigation expenses that would be *caused by* the proposed amendment. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F3d 708, 712 (9th Cir. 2001) (litigation expenses already incurred *before* the motion to amend was filed do not establish prejudice unless it can be shown that the moving party acted in *bad faith* by delaying amendment in order to force the nonmoving party to incur unnecessary expense). *See also Paglin v. Saztec Int'l, Inc., supra,* 834 F. Supp. 1184, 1190 (W.D. Mo. 1993) (granting plaintiff's untimely motion to individual claims notwithstanding the fact that defendants were required to conduct unnecessary discovery as a result of plaintiff's delay in seeking to dismiss the claims).

No prejudice exists where, as here, Defendants are actually spared the need to litigate some claims. In fact, federal courts recognize that amending to dismiss claims, whether timely or not, <u>negates</u> any claims of prejudice and serves to simplify the issues for trial. *Id.*, 834 F. Supp. at 1190 (W.D. Mo. 1993)

(Although plaintiffs should have withdrawn discrimination claim at an earlier stage, allowing them to untimely withdraw would simplify and focus the issues presented, expedite the presentation of evidence, spare the defendants the effort and expense of preparing and presenting their defense to the dismissed claims, and eliminate the risk of an unfavorable judgment. "These considerations *negate* any claims of undue prejudice by the defendants.") (emphasis supplied).

Furthermore, Defendants have not and cannot identify any discovery or other significant preparation time they spent that was unique to the malicious prosecution and Fifth Amendment claims, and that would have been unnecessary absent those claims. All Plaintiff's claims arise from the same common nucleus of operative fact. As a result, even where Plaintiff prevails at trial on some of his legal theories and not others, he is entitled to an award of attorney's fees for work on all the related claims. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 448-49 (1983) (where plaintiff prevails on some claims and not on others, degree of success may be taken into account in determining a reasonable fee, but courts recognize that reasonable counsel may pursue a variety of legal theories and that "the actual work performed by lawyers to develop the facts of both claims may be [so] closely intertwined…[that it is] virtually impossible to determine how much time was devoted to one category or the other, and the incremental time required to pursue both claims rather than just one is likely to be small"). The *Hensley* scenario is exactly what we have here – all claims arise from the same nucleus of facts, and all discovery is common to the different possible legal theories that arise from those facts. It is because of that that Defendants did not even attempt to identify any discovery engaged in by either side that would have differed without the claims Plaintiff seeks to dismiss.

Because Plaintiff seeks to dismiss two claims, the amendment necessarily involves no new factual allegations and no new legal theories. Instead of causing additional litigation expenses, it will render unnecessary the litigation expense that Defendants would otherwise incur in the future in arguing that the malicious prosecution claim may not be sustained because, for example, there was not a favorable termination.[1] Accordingly, Plaintiff's proposed amendment carries zero potential for prejudice to Defendants.

### D.   RULE 15(A)'S LIBERAL POLICY FOR AMENDING PLEADINGS APPLIES BECAUSE PLAINTIFF'S REQUEST TO DISMISS CLAIMS IS TIMELY UNDER THE APPLICABLE DEADLINE

District courts have broad discretion in enforcing and interpreting their own scheduling orders. *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607 (9th Cir. 1992). The Court has issued two Scheduling Orders in this matter. Both orders fix the last day to amend pleadings as 6/14/10. The general motions cutoff date is currently scheduled for 7/25/11.

Given the circumstances, the Court should not construe the Scheduling Order's June 14 deadline to apply to Plaintiff's motion to dismiss claims. At the Scheduling Conference held on March 22, 2010, the Court set June 14, 2010, as the last day to amend the pleadings (which neither party requested to change when the schedule was subsequently modified). The colloquy regarding amendments makes clear that the concern of the Court and parties was to set a date by which to **add** parties or claims, not to dismiss some claims:

> "THE COURT: How much time do you think you need to determine whether there is an appropriate legal basis to name an individual

---

[1] Defendants raised this contention in a different context in their opposition to the pending guilt related motions in limine. Obviously, dismissal of the malicious prosecution claim obviates the need to litigate that contested issue, thus, if anything, saving Defendants litigation expense.

7

defendant currently referred to as a Doe? Is there more discovery that you expect to be initiating and obtaining from the City that you don't already have?

MR. GENEGO: The answer is no. I mean, I think that we have the universe of evidence that we need.

…

MR. GENEGO: It'll be a short period of time.

THE COURT: Twelve weeks?

MR. GENEGO: Yes.

THE COURT: Okay. That's one date you can put in, but I'll -- 12 weeks from today is the last day to amend the pleadings. Now, that's as to identifying parties. What about claims?

…

MR. GENEGO: No. I think we have all of our concepts.

THE COURT: So this will be a difference with the Goldstein case. The pleadings will be deemed final in 12 weeks if not otherwise changed."

3/22/10 Transcript, attached as Ex. 101.

Though Plaintiff technically does seek to amend the complaint, his proposed amendments consist solely of dismissing claims, not adding new claims or new facts. Much like summary adjudication, a plaintiff's voluntary dismissal of specific claims helps to streamline and focus the issues for trial. Conversely, adding new claims may significantly disrupt or delay the progress of the case. In light of this distinction, there is no sound basis to apply the Scheduling Order's deadline for amending the pleadings.

Because the Scheduling Order's 6/14/10 deadline does not reasonably apply, Plaintiff's request to dismiss claims is subject only to the general motions cut-off deadline of July 25, 2011 and the liberal amendment requirements of Rule 15(a).

8

### E. EVEN ASSUMING THE JUNE 14 DATE APPLIES, PLAINTIFF HAS ESTABLISHED GOOD CAUSE FOR MODIFYING IT

If the Court concludes that Plaintiff's motion is subject to the June 14 date, then a showing of "good cause" is required to amend the complaint. *Coleman v. Quaker Oats Co.,* 232 F3d 1271, 1294 (9th Cir. 2000). The "good cause" standard primarily considers the diligence of the party seeking the amendment. *Id*. Central to the required showing of diligence is whether the movant discharged his obligation under Rule 16 to collaborate with the district court in managing the case. *See In re San Juan Dupont Plaza Hotel Fire Litig.,* 111 F.3d 220, 228 (1st Cir.1997).

Plaintiff has cooperated with the Court in managing the case throughout the pendency of this litigation. Furthermore, the timing of Plaintiff's request to dismiss certain claims is not the result of procrastination or idleness. Since June 14, 2010, Plaintiff has diligently engaged in discovery, adducing evidence that has shaped his understanding of the case and strategy for trial. Amendment would streamline the theories of liability and avoid litigation of issues that, in Counsel's view, would be a distraction from the core issues in the case. Once it was determined that these claims should be dismissed, Plaintiff promptly brought the issue before the Court.

Most importantly, the "good cause" standard assumes a different cast when the issue is paring down the case, not expanding it. The District Court has broad discretion under Rule 16 to manage its cases and to promote judicial efficiency. *See, e.g.*, *Torres v. Commonwealth of Puerto Rico,* 485 F.3d 5 (1st Cir.2007) ("trial judges have an abiding responsibility for the efficient management of the cases on their dockets"). Plaintiff found no cases in which a motion to amend a scheduling order to amend pleadings in order to abandon claims was at issue. The issue always was expanding the case, not limiting it.

*See, e.g., C.F. v. Capistrano Unified Sch. Dist.*, 656 F. Supp. 2d 1190, 1195 (C.D. Cal. 2009) (allowing amendment to scheduling order to allow addition of affirmative defense of qualified immunity because the defense became more viable after a recent court ruling; quoting *Harrison Beverage Co. v. Dribeck Importers, Inc.,* 133 F.R.D. 463, 469 (D.N.J.1990), which was cited favorably in *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), for the proposition that the "*attempted injection of new issues … necessarily implicates the scheduling orders entered in this case*, to the extent that further discovery would be required, further dispositive motion practice would occur, and the Joint Final Pre-Trial Order would have to be amended to accommodate new developments") (emphasis supplied). No such concerns are involved where a claim is being abandoned. This Court should conclude that, if good cause is required, it is established where it will decrease the issues to be litigated without prejudicing any party, which is the case here.

### F. DISMISSAL WITHOUT PREJUDICE IS THE APPROPRIATE RELIEF

Plaintiff seeks a dismissal without prejudice because that is the appropriate relief in this context and because he does not wish to open the door to any contention by Defendants that the dismissal of these claims affects in any manner the validity and justiciability of the claims that are not being dismissed. *See Hells Canyon Preservation Council*, 403 F.3d at 690 (9th Cir. 2002) ("It is axiomatic that prejudice does not attach to a claim that is properly dropped from a complaint under Rule 15(a) prior to final judgment;" voluntarily abandoned or dismissed claims have not been finally adjudicated on the merits).

Plaintiff does not oppose an order that the Court will not allow an amendment to subsequently add back the dismissed claims. This provides assurance to Defendants that there will not be a future claim asserting the dismissed causes of action because a party may not split causes of action arising

10

from the same transaction. *See, e.g.*, *Adams v. California Dept. of Health Services*, 487 F.3d 684, 688-89 (9th Cir. 2007) (duplicative suit arising out of the "same transactional nucleus of facts" not allowed; court analyzes "whether they are related to the same set of facts and whether they could conveniently be tried together") (citing *Western Sys., Inc. v. Ulloa,* 958 F.2d 864, 871 (9th Cir.1992), which in turns cites Restatement (Second) of Judgments §24(1) (1982)). At the same time, it makes clear that the order is not intended to and has no preclusive effect on the remaining claims.[2]

### III. CONCLUSION

For the reasons stated above, Claims 2 and 3 should be dismissed without prejudice.

DATED: April 4, 2011               Respectfully Submitted,

                                   LITT, ESTUAR & KITSON LLP
                                   NASATIR, HIRSCH, PODBERESKY,
                                   KHERO & GENEGO PLC

                                   By:__/s/ Barrett S. Litt_____
                                        Barrett S. Litt

                                   By:_/s/ William J. Genego_____
                                        William J. Genego

                                           Attorneys for Plaintiff

---

[2] Plaintiff is confident that even a dismissal with prejudice would have no preclusive effect. See FRCivP 56(a) (allowing summary judgment on particular claims); abandonment cases cited in Section II(A), *supra*. Nonetheless, Plaintiff does not want there to be any question of whether a claim preclusion is argument is available, given the complexity of claim preclusion law. *See, e.g.,* Wright, Miller & Cooper, 18 Fed. Prac. & Proc. Juris. §4411 (2d ed.) (commenting on the complexity of claim preclusion law). Granting an order along the foregoing lines provides far more protection than Defendants require while avoiding any later contention of claim preclusion because the dismissal is without prejudice.

11