1

Barrett S. Litt, SBN 45527
E-Mail: blitt@littlaw.com

2

Lindsay Battles, SBN 262862

3

Litt, Estuar & Kitson, LLP
1055 Wilshire Boulevard, Suite 1880

4

Los Angeles, California 90017
Telephone: (213) 386-3114

5

Facsimile: (213) 380-4585

6

7

William J. Genego, SBN 103224
E-Mail: wgenego@gmail.com

8

Vicki I. Podberesky, SBN. 123220
Nasatir, Hirsch, Podberesky, Khero & Genego

9

2115 Main Street
Santa Monica, California 90405

10

Telephone:  310-399-3259

11

Attorneys for Plaintiff Bruce Lisker

12

13

UNITED STATES DISTRICT COURT

14

CENTRAL DISTRICT OF CALIFORNIA

15

16

BRUCE LISKER,

17

Plaintiff,

18

vs.

19

20

CITY OF LOS ANGELES, et al.,

21

Defendants.

22

23

24

25

26

27

28

CASE NO CV 09-9374 AHM (RC)

PLAINTIFF'S CONSOLIDATED
REPLY MEMORANDUM TO
DEFENDANTS' OPPOSITIONS TO
MOTIONS IN LIMINE RELATED TO
THE ISSUE OF GUILT

Hearing Date:      April 18, 2011
Hearing Time:     10:00 A.M.
Courtroom:          14

Trial Date:          October 17, 2011
Time:                  8:00 A.M.

**TABLE OF CONTENTS**

I.    INTRODUCTION. ........................................................................................1

II.   GUILT IS NOT RELEVANT TO LIABILITY [OPP 1-10:13; OPP 2-4:5]. ..........................................................................................................7

III.  THE CORRECT STATE OF MIND STANDARD FOR THE FALSE EVIDENCE CLAIM IS WHETHER DEFENDANTS PROVIDED FALSE EVIDENCE, AND WHETHER THEY DID SO KNOWINGLY, DELIBERATELY OR WITH DELIBERATE INDIFFERENCE TOWARD, OR RECKLESS DISREGARD FOR, THE TRUTH OR PLAINTIFF'S RIGHTS. [OPP 1-13:14]....................................................9

IV.   DEFENDANTS MISCONSTRUE THE RELEVANCE OF GUILT AND THE CAUSATION STANDARD. [OPP 1-16:21; OPP 2-6:10, 14:15] ........................................................................................................11

V.    DEFENDANTS' SUGGESTION THAT THE DETERMINATION OF GUILT IS PART OF THE LIABILITY DETERMINATION, AND THEREFORE SHOULD NOT BE BIFURCATED FROM LIABILITY, IS INCORRECT. [OPP MEMORANDA DISCUSSED IN PREVIOUS SECTION, PLUS OPP 1-21:22; OPP 2-2:4] ...............................15

VI.   DEFENDANTS' SUBJECTIVE BELIEF IN PLAINTIFF'S GUILT IS NOT ADMISSIBLE [Opp 1-22:23] ...........................................................17

VII.  IF DEFENDANTS ARE ALLOWED TO ARGUE GUILT BASED ON NEWLY DEVELOPED EVIDENCE, THEN AT LEAST THE STANDARDS THAT APPLY TO A PROSECUTION AFTER HIS RELEASE APPLY. [OPP 2-15:18] ...............................................17

VIII. FAILURE TO RE-PROSECUTE IS RELEVANT TO PLAINTIFF'S ARGUMENT THAT HE WAS NOT IN FACT CONVICTED AND SO HAS ESTABLISHED CAUSATION. [OPP 2-13] .....................................19

IX.   PLAINTIFF IS PRESUMED INNOCENT. [OPP 1-8:10; OPP 2-11:12].......................................................................20

X.    THE *SCHLUP* FINDING IS RELEVANT [OPP 1-2:4]........................20

XI.   PLAINTIFF IS NOT ARGUING IN THIS MOTION THAT THE *SCHLUP* FINDING HAS A PRECLUSIVE EFFECT. [OPP 1-4:10]. ..21

XII.  SUMMARY OF ISSUES FOR RESOLUTION. ..................................21

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Awabdy v. City of Adelanto*
    368 F.3d 1062 (9th Cir. 2004) .......................................................................10, 19

*Borunda v. Richmond*
    885 F.2d 1384 (9th Cir.1988) ...............................................................................14

*Brewer v. Chauvin*
    938 F.2d 860 (8th Cir. 1991) ................................................................................13

*Carey v. Piphus*
    435 U.S. 247 (1978) ....................................................................................... Passim

*Chavez v. Martinez*
    538 U.S. 760 (2003) ..............................................................................................14

*City of Oklahoma City v. Tuttle*
    471 U.S. 808 (1985) ..............................................................................................12

*City of St. Louis v. Praprotnik*
    485 U.S. 112 (1988) ................................................................................................4

*Connick v. Thompson*
    __ U.S. ___, 2011 WL. 1119022 (2011) ..............................................................11

*Cooper v. Dupnik*
    963 F.2d 1220 (9th Cir. 1992) ..............................................................................14

*Costanich v. Department of Social & Health Services*
    627 F.3d 1101 (9th Cir. 2010) .............................................................................6, 9

*Crawford v. Washington*
    541 U.S. 36 (2004) ................................................................................................17

*Delo v. Lashley*
    507 U.S. 272 (1993) ..............................................................................................19

iii

*Devereaux v. Abbey*
      263 F.3d 1070 (9th Cir. 2001) ........................................................................9

*Harris v. Roderick*
      126 F.3d 1189 (9th Cir. 1997) ....................................................................6, 10

*Hector v. Watt*
      235 F.3d 154 (3d Cir. 2000) ........................................................................15

*Kerr v. City of Chicago*
      424 F.2d 1134 (7th Cir.1970) ......................................................................15

*Limone v. Condon*
      372 F.3d 39 (1st Cir. 2004) ........................................................................10

*Monell v. Department of Social Services of City of New York*
      436 U.S. 658 (1978) ...............................................................................4, 12

*Mooney v. Holohan*
      294 U.S. 103 (1935) ..................................................................................10

*Napue v. Illinois*
      360 U.S. 264 (1959) ..................................................................................10

*Ohio v. Roberts*
      549 U.S. 409 (1980) ..................................................................................18

*Pyle v. Kansas*
      317 U.S. 213 (1942) ..................................................................................10

*Rehberg v. Paulk*
      611 F.3d 828 (11th Cir. 2010) ......................................................................10

*Ricciuti v. New York City*
      124 F.3d 123 (2d Cir. 1997) ........................................................................10

*Santosky v. Kramer*
      455 U.S. 745 (1982) ..................................................................................19

*Tennison v. City & County of San Francisco*
    570 F.3d 1078 (9th Cir. 2009)...........................................................................11

*Thompson v. Connick*
    553 F.3d 836 (5th Cir. 2008)......................................................................11, 12

*Towne v. City of New York*
    138 F.3d 138 (2nd Cir. 1999)............................................................................15

*Train v. City of Albuquerque*
    629 F. Supp. 2d 1243 (D.N.M. 2009) .............................................................14

*United States v. Lockett*
    919 F.2d 585 (9th Cir.1990)..............................................................................16

*Whorton v. Bockting*
    549 U.S. 406 (2007) ..........................................................................................18

*Zinermon v. Burch*
    494 U.S. 113 (1990) ..............................................................................12, 13, 14

**STATE CASES**

*Carter v. City of Philadelphia*
No. 97-CV-4499, 2000 WL. 1016653.....................................................................8

**FEDERAL STATUTES**

Fed.R.Civ.P. Rule 42(b) ..........................................................................................6

v

# I.    INTRODUCTION.

Plaintiff files a single consolidate Reply to the two oppositions filed by Defendants to Plaintiff's two inter-related in limine motions addressing, in this section 1983 case, the treatment of a defense contention that they are entitled to judgment because they subjectively believe Mr. Lisker murdered his mother. Given the substantial duplication in the two oppositions – including identical or virtually whole swaths of argument on some issues – this appears to Plaintiff the most expeditious approach, and the easiest for the Court. We do not address the issues in the order they were presented in the Oppositions, but we do throughout indicate which sections of the oppositions are being addressed.[1]

Plaintiff and Defendants differ essentially with respect to (1) the issues as to which guilt is relevant; and (2) what is required to establish a "guilt" defense, or stated differently, who has the burden of proving what with respect to a defense of guilt. Plaintiff contends that a "guilt" defense – by which Plaintiff means evidence and argument offered to prove Plaintiff is criminally responsible for his mother's murder -- is not relevant to the liability issue of whether Defendants violated Plaintiff's constitutional rights, and should not be relevant to damages because Plaintiff was not re-prosecuted. Plaintiff alternatively maintains that, to the extent

---

[1] The "Defendants' Opposition To Plaintiff's Limine Motion To Preclude Guilt, Exclude Guilt Evidence/Argument As To Liability And Damages And To Bifurcate," (Docket 64), is referred to generically as Opposition 1 and referred to with page references as "Opp 1- page number or for multiple pages with a colon between them, e.g., Opp 1-2:4."

The "Defendants' Opposition To Plaintiff's Motion In Limine Regarding Procedures If Guilt Is Allowed As A Defense, Including Trifurcation," (Docket 63), is referred to generically as Opposition 2 and referred to with page references as "Opp 2", with the same page numbering system.

Reference to Plaintiff's Motion In Limine To Preclude Defense of Guilt, Exclude Guilt Evidence/ Argument As To Liability And Damages And To Bifurcate is referred to as Guilt MIL #1 and Plaintiff's Motion In Limine Regarding Procedures If Guilt Is Allowed As A Defense, Including Trifurcation Guilt is referred to as MIL #2.

1

guilt is deemed relevant to damages, it is only "criminal guilt" that is relevant, *i.e.*, whether he would be proven guilty beyond a reasonable doubt at a criminal trial if he were re-prosecuted, and that Defendants have the burden of proving that affirmative defense by a preponderance of the evidence, *i.e.*, that it is more likely than not that Plaintiff would be convicted. Further, given the unique considerations that govern that inquiry, Plaintiff maintains a separate and second phase should be conducted for that purpose if liability is found.

Defendants, in contrast, contend that Plaintiff's "guilt" is relevant to liability and damages. It is relevant to liability, in Defendants' view, as a matter of causation. As such, Defendants contend it is an element of Plaintiff's case as to which he has the burden, and requires that he prove his innocence. Moreover, as to Plaintiff's false evidence claim, Defendants maintain that Plaintiff must not only prove his innocence, but prove that Defendants knew he was innocent.

Notwithstanding these differences, the parties are in agreement in a number of respects. As a way for the Court to see where Plaintiff and Defendants agree and disagree regarding the issues to be tried and the approach to doing so, we provide charts showing the Plaintiff's and Defendants' position as to the elements of the claims, and their framing of the causation issues, and, where applicable, the differences in approach to the trial phase to which it belongs. The source of Defendants' position presented in the charts is Page 4 of Opposition 2. What Defendants labeled "Wrongful Conviction", we have renamed "Brady" because all claims are for wrongful conviction. What Defendants labeled "Fabricated Evidence", we have renamed "Fabricated/False Evidence" because we consider that a more accurate descriptive label. Although Defendants put the Brady claim first, the chart puts False Evidence first because that is the logical sequence since the Brady claim includes the failure of the Defendants to disclose that the evidence was false.

We present as best we can the differing inquiries, and then subsequently discuss the significance of the differences. (Claim Elements Chart and

2

Causation/Damages Chart) We then explain how Plaintiff proposes the trial proceed based on our proposal assuming the guilt defense was allowed. (If the guilt defense is not allowed, it would be the same except that Phase Two would be eliminated.) Italics are used in an attempt to highlight the differences.

| CLAIM ELEMENTS CHART – ALL PARTIES AGREE TRIED IN PHASE ONE | |
|---|---|
| *Claim – Fabricated/False Evidence* | |
| **Plaintiff's Position** | **Defendants' Position** |
| Did Defendants present *false or fabricated* evidence? | Did Defendants fabricate evidence? |
| Did Defendants know or should they have known *the evidence was false*? | Did Defendants know or should they have known that Plaintiff was *innocent*? |
| Was the false or fabricated evidence material, *i.e.*, is there any reasonable likelihood that the false testimony could have affected the judgment of the jury? | Defendants do not list materiality under false evidence |
| Did Defendants *act knowingly or* with deliberate indifference to or in reckless disregard of Plaintiff's rights *or the truth*? | Did Defendants act with deliberate indifference or in reckless disregard to Plaintiff's rights? |
| *Claim –Brady* | |
| **Plaintiff's Position** | **Defendants' Position** |
| Was favorable or *exculpatory* evidence withheld? | Was favorable evidence withheld? |
| Was the evidence withheld material, *i.e.*, is there a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different? | Was evidence withheld material? |
| Did Defendants act with deliberate indifference to, or in reckless disregard of, Plaintiff's rights *or the truth*? | Did defendants act with deliberate indifference or in reckless disregard to Plaintiff's rights? |

3

| **CAUSATION/DAMAGES CHART AND PROPOSED TRIAL PHASE** | | | |
|---|---|---|---|
| **Plaintiff's Position** | | **Defendants' Position** | |
| **Issue – Causation** | **Trial Phase** | **Issue – Causation** | **Trial Phase** |
| Causation issue # 1 – causation in the normal sense (*i.e.*, whether the defendants' wrongful conduct was a substantial factor in Plaintiff's conviction) is answered by the materiality inquiry. | 1 | Was Plaintiff's conviction justified (causation) [listed as to Brady]? Were the violations both a causation-in-fact and proximate causation of Plaintiff's injury/harm [listed as to false evidence]? | 1 |
| Causation issue # 2 – Have defendants proven their affirmative defense of guilt, *i.e.*, have they proven by a preponderance of the evidence that a unanimous jury of twelve people would find Plaintiff guilty beyond a reasonable doubt? | 2 | Defendants presumably see this as part of the "was the conviction justified" standard above | |
| **Issue – Damages** | **Trial Phase** | **Issue – Damages** | **Trial Phase** |
| Malice, oppression or reckless disregard finding | 1 | Malice, oppression or reckless disregard finding | 1 |
| Compensatory damages | 3 | Compensatory damages | 2 |
| Punitive Damages | 3 | Punitive Damages | 2 |

The Claim Elements Chart does not lay out the slight differences (not addressed by Defendants) for a *Monell* determination, *i.e.*, whether an unconstitutional policy or custom was the moving force behind the violation, *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 694 (1978), or alternatively whether the City ratified the wrongful conduct, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988) (conduct "*sanctioned* or ordered) (emphasis supplied).

As reflected by the foregoing charts, Plaintiff and Defendants differ sharply on the required state of mind. Defendants contend that Plaintiff must show that Defendant knew or should have known that he was *innocent* to prove a false evidence claim. See Claim Elements Chart (second element under false evidence

4

claim). Plaintiffs contend that the appropriate standard is that defendants knew or should have known that the evidence or information they presented was false, or they acted with deliberate indifference toward, or reckless disregard for, the truth or Plaintiff's rights. See Section III, *infra*.

The other major difference is that Defendants characterize causation as whether the conviction was justified (*Brady*), and whether the violations were both the cause-in-fact and the proximate cause of Plaintiff's injury/harm (false evidence). See Causation/Damages Chart. Defendants do not explain the reason for the differing standards, and it is not clear that they intended them to differ. It is clear, however, that the standard of whether the conviction was justified or not is intended to encompass the "guilt" issue that is at the heart of these motions in limine, and that Defendants contend that it is Plaintiff's burden to prove innocence as part of the causation inquiry.

Plaintiff differs significantly with the defense on this issue. The causation in fact/proximate cause standard is answered by the materiality inquiry, and is not a separate inquiry. By definition, if there was a material violation of Plaintiff's rights, that means that it was a cause of his conviction, and that the conviction was so tainted by the violation of his rights that it was invalid. The issue of whether he would have been convicted anyway, and therefore is not entitled to more than nominal damages, is a separate inquiry that, under Plaintiff's proposal, would occur in a second phase of the trial.

Plaintiff thought it would be helpful to provide a succinct summary of the evidence presentation under his proposal, again assuming that guilt is allowed as a defense, which is presented on the next two pages:

///
///
///
///
///

5

| Phase 1 – Liability Evidence | |
|---|---|
| **Evidence Type** | **Scope and Presentation of Evidence and Comments** |
| *Evidence of 1985 Criminal Trial proceedings* | The evidence of what happened at the criminal trial is critical to the jury's determination of false evidence, exculpatory/ favorable evidence withheld, and materiality.<br><br>Plaintiffs propose that this be presented by starting with the statement of facts from the first (*Schlup*) habeas decision, with each side indicating evidence to add or eliminate, and an order that they meet and confer to see what can be agreed upon, including what exhibits from the first trial should be provided. The Court would decide the handling of disputed issues. The transcript would not be introduced. |
| *Activities and statements of the Defendants, including the Defendants' state of mind* | The evidence of Defendants' actions in the way of providing false statements in pre-trial and trial reports, affidavits and testimony would all be admitted. Plaintiff has a claim for both their pre-trial activities – see *Costanich v. Dep't of Soc. & Health Services*, 627 F.3d 1101 (9th Cir. 2010) – and for their trial and pre-trial testimony – see *Harris v. Roderick*, 126 F.3d 1189, 1198-99 (9th Cir. 1997). Testimony would also come in to prove state of mind. (These cases are discussed *infra*.)<br><br>Defendants would be available to be called as witnesses, and either side could probe state of mind evidence related to them, from either them or any other source. Defendants would be allowed to testify to their belief in the truth of their statements or testimony, and the reasons therefor, but not to their belief in Plaintiff's guilt. |
| *Monell evidence* | Evidence showing that the City either ratified the conduct of the individual defendants or had a custom or policy of deliberate indifference to the violations at issue would be admitted. |
| *Evidence showing the evidence presented pre-trial and at trial was false or fabricated* | Evidence showing that false evidence was contained in both the reports and testimony is relevant in Phase One. This would include the new scientific evidence (weather, shoeprint, and view reconstruction), as well as other evidence showing defendants made false statements, misled and misinformed the prosecutor, and failed to advise the prosecutor of exculpatory evidence. |

| Phase 2 – Guilt Evidence | |
|---|---|
| **Evidence Type** | **Scope and Presentation of Evidence and Comments** |
| *Evidence from Phase One* | The jury would be instructed that it is to consider and weigh all of the evidence from the first trial, as well as the evidence casting doubt on it presented in Phase One. |
| *New testimony* | In this phase, unlike Phase One, any available witness (except Plaintiff) could be called by either side. Prior testimony of unavailable witnesses could not be admitted because of the constraints of *Crawford v. Washington* (see discussion *infra*). |
| *Plaintiff's statements* | The Court will have to determine whether, and if so which, statements of plaintiff are admissible substantively and for impeachment. Defendants could introduce any substantive evidence of his statements whether he chooses to testify or not, and use the impeachment statements if he does. |
| *Plaintiff as a witness* | Plaintiff could choose to testify in this phase; he could not be called by the defense because he could not be called in a criminal trial. |

Phase Three, damages, is straightforward and does not require further explanation. Plaintiff could be called in Phase Three (and in Phase One) by either side, but would not be subject to examination about his guilt or innocence, which is not relevant to either of those phases.

## II.    GUILT IS NOT RELEVANT TO LIABILITY [OPP 1-10:13; OPP 2-4:5].

In the charts in Section I, we presented our view of the elements of the underlying claims in this case, what evidence would come in, when, and for what purpose. Defendants' Oppositions appear not to understand the framework Plaintiff is proposing. Under Plaintiff's proposal, substantial evidence of guilt would be admitted at the liability phase, *i.e.*, all evidence of guilt from the first trial would come in (which effectively means all evidence of guilt that is available except the admissible statements made by Plaintiff in the conditional plea, and to the

probation and parole investigators/board). However, the issue in the liability phase is not whether this civil jury would find Mr. Lisker guilty, but whether it finds that his 1985 criminal trial was constitutionally unfair, and therefore violated his right to due process as a result of Defendants' actions. Guilt per se is not an issue in the liability phase. Of course, Defendants would be permitted to argue that the evidence was not false, was not withheld, in any event was not material, had no effect (or not the legally required effect) on the guilty verdict, and that Defendants did not have the requisite state of mind. They could not introduce evidence or make arguments not relevant to those issues.

Defendants appear to believe that Plaintiff is denying that the foregoing evidence would be admitted, which is not the case. What is the case is that new evidence of guilt not presented in the criminal trial is not relevant or admissible on liability, nor are new theories of guilt. The issue is whether the trial that occurred was fair, not that a different trial would have been fair and, if not, whether Defendants are responsible for the unfairness.

Defendants also claim that they are not clear on what the claimed *Brady* violations are. In a nutshell, they are the false and/or fabricated evidence set forth in the first in limine motion – the falsity of which was never disclosed to the District Attorney or the defense.

We do not address the malicious prosecution claim [see Opp 1-14:16] since there is a pending motion to dismiss that claim (or amend the pleadings to dismiss that claim), except to note that Defendants' argument makes clear that they wish to keep the malicious prosecution in the case because they prefer the way malicious prosecution frames the issues in contrast to the framework under a due process/fair trial claim.

Defendants contend that *Carter v. City of Philadelphia,* No. 97-CV-4499, 2000 WL 1016653 supports the proposition that evidence of guilt is relevant to liability, but *Carter* does not say that. In fact, it specifically states that it is relevant

8

to damages and does not suggest it is relevant to liability. See discussion at 2nd Guilt MIL, ¶ IV(B).

Defendants ignore the substantial body of case law cited by Plaintiff for the proposition that guilt per se is irrelevant to liability. Guilt MIL #1, ¶ III(A).

## III.   THE CORRECT STATE OF MIND STANDARD FOR THE FALSE EVIDENCE CLAIM IS WHETHER DEFENDANTS PROVIDED FALSE EVIDENCE, AND WHETHER THEY DID SO KNOWINGLY, DELIBERATELY OR WITH DELIBERATE INDIFFERENCE TOWARD, OR RECKLESS DISREGARD FOR, THE TRUTH OR PLAINTIFF'S RIGHTS. [OPP 1-13:14].

Defendants contend that an issue in this case is proof that Defendants knew that Plaintiff was innocent, presumably in reliance on the statement in *Devereaux v. Abbey*, 263 F.3d 1070 (9th Cir. 2001) (en banc) that one way of proving a violation of the right not to be prosecuted based on false evidence is to show that Defendants "continued their investigation …despite the fact that they knew or should have known that [plaintiff] was innocent." *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001).

*Devereaux* was a false prosecution, not a wrongful conviction case. More importantly, its second method of proving a false evidence claims is that the Defendants used "investigative techniques that were so coercive and abusive that they knew or should have known that those techniques would yield false information." *Id*. In *Costanich v. Dep't of Soc. & Health Services*, 627 F.3d 1101 (9th Cir. 2010), the Ninth Circuit faced a situation where, as here, the record "directly reflects [Defendants'] false statements" *Id*. at 1111. Explaining that *Devereaux* addressed "circumstantial methods of proving deliberate falsification", the Court observed that the District Court had read *Devereaux* "too narrowly", and explained:

"If, under *Devereaux,* an interviewer who uses coercive interviewing techniques that are known to yield false evidence commits a constitutional violation, then an interviewer who deliberately mischaracterizes witness

statements in her investigative report also commits a constitutional violation. Similarly, an investigator who purposefully reports that she has interviewed witnesses, when she has actually only attempted to make contact with them, deliberately fabricates evidence."

Thus, the correct interpretation of *Devereaux's* second method of proof is that, where Defendants knew or should have known that the evidence they presented was false, they are liable (assuming the other elements are met). This interpretation is consistent with the well-established law on false evidence and due process. *See, e.g., Mooney v. Holohan*, 294 U.S. 103, 112 (1935); *see also, e.g., Pyle v. Kansas*, 317 U.S. 213, 216 (1942) ("allegations that his imprisonment resulted from perjured testimony, knowingly used by the State authorities to obtain his conviction, . . . sufficiently charge a deprivation of rights guaranteed by the Federal Constitution."); *Napue v. Illinois*, 360 U.S. 264, 269 (1959) (Fourteenth Amendment violated when "the State, although not soliciting false evidence, allows it to go uncorrected when it appears"); *Limone v. Condon*, 372 F.3d 39, 44-45 (1st Cir. 2004) (emphasis added) (it is fundamental that "those charged with upholding the law are prohibited from deliberately fabricating evidence") (citing *Devereaux*); *Ricciuti v. New York City*, 124 F.3d 123, 130 (2d Cir. 1997) ("When a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors, he violates the accused's constitutional right to a fair trial").[2]

---

[2] Plaintiff's claim is based both on the well-established proposition that false pre-trial investigative reports that cause a prosecution and conviction based on that false evidence violate due process (*Constanich, supra*; *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004) ("the presumption of prosecutorial independence does not bar a subsequent §1983 claim against state or local officials who improperly exerted pressure on the prosecutor, knowingly provided misinformation to him, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct")), but also on the more controversial proposition that testimonial immunity does not shield a complaining witness from liability for his testimony. *Compare Harris v. Roderick*, 126 F.3d 1189, 1198-99 (9th Cir.

In addition, on the *Brady* claim, and therefore by inference as an alternative on the false evidence claim, the standard is whether the Defendants acted with "deliberate indifference to or reckless disregard for an accused's rights or for the truth". *Tennison v. City & County of San Francisco*, 570 F.3d 1078, 1088 (9th Cir. 2009).

## IV.    DEFENDANTS MISCONSTRUE THE RELEVANCE OF GUILT AND THE CAUSATION STANDARD. [OPP 1-16:21; OPP 2-6:10, 14:15]

Defendants argue that the panel decision in *Thompson v. Connick*, 553 F.3d 836, 864 (5th Cir. 2008), *aff'd by equally divided en banc court*, 78 F.3d 293 (2009), *revs'd sub nom. Connick v. Thompson*, __ U.S. ___, 2011 WL 1119022 (3/29/11), may not be cited. As we explained, we cited it for its persuasive reasoning, especially since neither the en banc decision nor the Supreme Court decision called into question the panel's reasoning on this issue, and because it frames the issue exactly as *Carey* indicates it should be framed (although it does not cite *Carey*).

Defendants present a very confused explanation of *Carey*. They state that the Supreme Court did not analyze the District Court's belief that plaintiffs would not be entitled to damages if the defendants showed that the suspensions were justified, and rather the Supreme Court addressed causation. This is incorrect. The Court did say that plaintiffs had to prove causation, meaning that they had to prove their rights were violated and that it caused harm, *i.e.*, suspension without due process. The Court also said that, nonetheless, if defendants could show that the suspension

---

1997) (no testimonial immunity for complaining witness' false statements/testimony a) in official reports; b) before a grand jury; and c) at trial) *with Rehberg v. Paulk*, 611 F.3d 828 (11th Cir. 2010) (investigator had absolute immunity from malicious prosecution claim for investigator's act of testifying to grand jury). Certiorari has been granted in *Rehberg* on the issue of whether a government official who acts as a "complaining witness" by presenting perjured testimony against an innocent citizen is entitled to absolute immunity from a Section 1983 claim for civil damages. See 2011 WL 940891 (U.S. Mar. 21, 2011).

was justified, Plaintiff would only be entitled to nominal damages because the suspension would not have caused actual damages. Causation is a separate inquiry but generally considered part of the liability determination. *See, e.g., Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 691 (1978) ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort"); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 818 (1985) ("§1983 only imposes liability for deprivations "cause[d]" by a particular defendant"). That is why, in the *Carey* framework, there is liability and nominal damages for a Plaintiff whose due process rights were violated and the violation caused harm, even if only nominal harm, *i.e.*, deprivation of an "absolute" constitutional right. *Carey v. Piphus*, 435 U.S. 247 at 266 (1978) ("the right to procedural due process is "absolute" in the sense that it does not depend upon the merits of a claimant's substantive assertions"). The justification affirmative defense is not a defense to liability but to the measure of damages. Defendants incorrectly collapse the justification defense into liability. (Opp 1-17:18.)

This confuses the issues, and the easiest way to understand it is in burden shifting terms. Plaintiff does not prove he did not do it as part of his causation analysis. Plaintiff proves that his due process rights were violated and that, as a result, he was suspended without due process. That entitles him to at least nominal damages. The burden then shifts to defendants to show that, despite the due process violation, there were no actual damages because plaintiff would have been suspended if due process was provided.

Defendants state that no case has construed *Carey* to provide that defendants have the burden to prove a plaintiff guilty in the wrongful conviction context. That is not so. *See Thompson v. Connick, supra*. More importantly, as we pointed out in Guilt MIL #1, ¶ IV(A), the Third, Sixth, Eighth, and Tenth Circuits have held that the burden is on defendants under *Carey* to show that the deprivation was justified;

1  only the Second Circuit has ruled differently. District courts in this circuit have

2  ruled with the majority. Defendants fail to address these cases.

3        Defendants cite *Zinermon v. Burch*, 494 U.S. 113, 134 (1990), for the

4  proposition that the burden was on the plaintiff to show that he was actually

5  harmed by the violation of his liberty right. However, *Zinermon* is not at odds with

6  the burden shifting in *Carey*. *Zinermon* and *Carey* both agree that causation must

7  be shown; that plaintiff is entitled to nominal damages if he shows that a

8  constitutional violation caused him to be deprived of his due process rights; and

9  that, to obtain actual damages, there must be a determination of whether the same

10  result would have occurred anyway, absent the constitutional deprivation. Courts

11  frequently cite them in tandem.

12        Defendants rely heavily on the phraseology in a footnote in *Zinermon* that

13  the plaintiff might be entitled to "actual damages beyond the nominal damages

14  awardable for a procedural due process violation unaccompanied by any actual

15  injury…if he can show either that if the proper procedure had been followed he

16  would have remained at liberty and that he suffered harm by being confined." 494

17  U.S. at 151. This establishes that Plaintiff must prove that his rights were violated

18  and that he was harmed as a result. This language did not purport to alter the

19  analysis in *Carey*, and has not been so interpreted. *See, e.g., Brewer v. Chauvin*,

20  938 F.2d 860, 864 (8th Cir. 1991) (post *Zinermon* case citing both *Zinermon* and

21  *Carey* and observing both that "our holding flows inexorably from *Carey* and the

22  sound principle--that a plaintiff must show that the complained-of wrong is the

23  cause of his injury--upon which *Carey* rests" and that "we hold that the public

24  employer carries the burden of proving that the plaintiff would have been fired

25  even if procedural due process had been observed"). In our context, Plaintiff

26  proves a deprivation of due process by showing that he was denied a fair trial, and

27  that denial caused his conviction and incarceration.  As we have explained,

28  Plaintiff believes that should be the end of the inquiry because, in the unique

context of a criminal trial, the fact that Plaintiff was not prosecuted again demonstrates that he would not have been convicted. However, if Defendants are allowed to argue that he would be found guilty, they carry the burden. No court has interpreted *Zinermon* to have changed this framework under *Carey*.

This analysis is confirmed by the fact that, if an action violates substantive due process, "the constitutional violation actionable under §1983 is complete when the wrongful action is taken." *Zinermon*, 494 U.S. at 125. This case qualifies as a denial of substantive due process, which occurs when "the methods chosen to gather . . . evidence and information" were "deliberately unlawful and flout[ed] the Constitution." *Cooper v. Dupnik*, 963 F.2d 1220, 1250 (9th Cir. 1992) (en banc), *abrogated on other grounds by Chavez v. Martinez*, 538 U.S. 760, 766 (2003) (disapproving *Cooper* on whether Fifth-Amendment claim is actionable when plaintiff not prosecuted). Such conduct shocks the conscience. *Id*.

To illustrate their point, Defendants claim that an unlawfully seized piece of evidence not therefore usable in a criminal prosecution could still be used in the civil case defense. Opp 1-20. First, that hypothetical does not apply here and has no bearing on who bears the burden of proof on the affirmative defense of guilt. Second, the Ninth Circuit has determined that a plaintiff whose Fourth Amendment rights were violated is entitled to compensation for all injuries (which, in our context, includes a deprivation of liberty based on the use of the unlawful search and seizure). *See Borunda v. Richmond,* 885 F.2d 1384, 1389 (9th Cir.1988) (in claim for damages for a Fourth Amendment violation, a "plaintiff who establishes liability for deprivations of constitutional rights actionable under 42 U.S.C. §1983 is entitled to recover compensatory damages for *all injuries suffered as a consequence of those deprivations*" (emphasis supplied); *accord, Train v. City of Albuquerque*, 629 F.Supp.2d 1243 (D.N.M. 2009) (Fourth Amendment damages claim; plaintiff is "entitled to recover compensatory damages for all injuries suffered as a consequence of those deprivations" including damages flowing from

14

post-indictment legal process, such as costs incurred in defending against charges brought as a result of an unlawful search, losses incurred because of incarceration while defending against the charges, and appropriate emotional distress damages"); *Kerr v. City of Chicago,* 424 F.2d 1134, 1141 (7th Cir.1970); *contra*, *Towne v. City of New York*, 138 F.3d 138 (2nd Cir. 1999); *Hector v. Watt,* 235 F.3d 154 (3d Cir. 2000).

## V.     DEFENDANTS' SUGGESTION THAT THE DETERMINATION OF GUILT IS PART OF THE LIABILITY DETERMINATION, AND THEREFORE SHOULD NOT BE BIFURCATED FROM LIABILITY, IS INCORRECT. [OPP MEMORANDA DISCUSSED IN PREVIOUS SECTION, PLUS OPP 1-21:22; OPP 2-2:4]

In the Introduction, we summarized the basic difference in approach between Plaintiff and Defendants on the relevance of guilt, and who bears what burdens of proof. We will not repeat it here.

We also explained, in the charts at the beginning of this Reply, our view of the elements of liability. They are – whether Plaintiff's due process rights were violated; whether the violations were material (in the terms discussed earlier, a causation inquiry); and whether defendants acted deliberately (we used the word knowingly) or with deliberate indifference or reckless disregard. None of these inquiries address whether Plaintiff was guilty of murdering his mother. They speak only to whether he was fairly convicted and related issues.

The jury's task in the liability stage, and the issue to be focused on at that stage, differs dramatically from a general "guilt" inquiry. Introducing the issue of "guilt" into this determination would lead to jury confusion, and significantly prejudice Plaintiff. There is a grave risk that the jury would improperly focus on "guilt" as determinative of liability, when that is not the liability issue at all.

Similarly, new evidence of guilt not introduced in the original trial, but, under Defendants' theory, admissible in a new "guilt" inquiry as part of liability would prejudice Plaintiff and would further confuse the issues. The relevant

evidence in a liability determination is a) the evidence of guilt *considered at the criminal trial* and its inclusion in pre-trial reports; b) new evidence showing that some of that evidence was false; c) evidence that any of the false evidence/information was withheld from the defense; and d) evidence of defendants' state of mind. *New* evidence of "guilt", if relevant at all, is therefore not relevant to liability. Similarly, *new* evidence of innocence (except evidence introduced to establish the falsity of the police reports and trial evidence that may also bear on the issue of guilt) is not relevant to liability.

It is true that much of the evidence introduced for liability would also be relevant to a "guilt" inquiry. This issue would readily be handled by advising the jury that the evidence from the liability phase is to be considered in the "guilt" phase, along with any additional evidence that is admitted by either side.

The potential confusion and prejudice in combining liability and "guilt" determinations would be compounded by the differing burdens of proof and standards of proof between the two issues. Assuming the Court agrees (as it did in *Goldstein*) that Defendants have the burden of proof, it would be highly confusing to the jury to differentiate the burden of proof on these two issues. While that would not always be the case for an affirmative defense, it is in this context, where the risk of prejudice in confusing the different inquiries is so great. This is especially so because of the risk of confusing the difference between the materiality inquiry relevant to liability (reasonable *likelihood* that the false testimony *could* have affected the judgment of the jury and reasonable *probability* that, had the evidence been disclosed to the defense, the result of the proceeding *would* have been different) and the "guilt" inquiry (more *likely* than not that Plaintiff *would* have been convicted).

///

///

///

**VI.   DEFENDANTS' SUBJECTIVE BELIEF IN PLAINTIFF'S GUILT IS NOT ADMISSIBLE [Opp 1-22:23]**

Although it is not clear, Defendants appear to believe that they are entitled to question their clients/witnesses about their opinions about guilt to establish state of mind and foundational issues. To the extent this is the case, they are wrong. Defendants may testify that they believed certain evidence they presented to be true, which is relevant to their state of mind, but may not opine about Plaintiff's guilt. *See, e.g., United States v. Lockett*, 919 F.2d 585, 590 (9th Cir.1990) ("a witness is not permitted to give a direct opinion about the defendant's guilt or innocence.); *U.S. v. Alonso*, 48 F.3d 1536, 1540 (9th Cir. 1995) ("it is well established that an expert may not state his opinion about the defendant's guilt").

**VII.   IF DEFENDANTS ARE ALLOWED TO ARGUE GUILT BASED ON NEWLY DEVELOPED EVIDENCE, THEN AT LEAST THE STANDARDS THAT APPLY TO A PROSECUTION AFTER HIS RELEASE APPLY. [OPP 2-15:18]**

As we have explained, since the guilt standard is whether Plaintiff would have been convicted anyway, as *Carey* dictates, then this clearly places the burden on the Defendants to prove that fact under the same standards that would apply to the prosecution. This includes whatever limitations would be placed on the prosecution's use of statements made by Mr. Lisker; limitations imposed by *Crawford v. Washington*, 541 U.S. 36, 57 (2004); and the privilege against self-incrimination and not to be called as a witness in a criminal case. These conclusions flow inexorably from the *Carey* framework.

Defendants argue that Mr. Lisker's statements may be used against him. To the extent they contend that such statements may be used to impeach him if he chooses to testify in the guilt phase, and if new evidence beyond falsity of the evidence from the first trial, is allowed, we agree they may be used for

1    impeachment (setting aside reliability issues).[3] However, aside from reliability,

2    Plaintiff contends that the statements may not be used substantively a) because

3    they only exist as a consequence of Plaintiff's wrongful conviction, placing him in

4    a position where he felt that he had to make inculpatory statements in order to

5    avoid a lifetime in prison, and b) because they were not available at the original

6    trial they and so may not be used for the hypothetical inquiry of whether he would

7    have been convicted absent the violation.

8         Defendants argue that the pre-*Crawford* standard of *Ohio v. Roberts*, 549

9    U.S. 409 (1980) applies because *Crawford* is not retroactive. *Crawford* is not

10   retroactive because it would otherwise invalidate long resolved, completed

11   prosecutions. *Whorton v. Bockting*, 549 U.S. 406, 417 (2007) ("because it is clear

12   and undisputed that the rule is procedural and not substantive, that rule cannot be

13   applied in this collateral attack on respondent's conviction unless it is a

14   " 'watershed rul[e] of criminal procedure' implicating the fundamental fairness and

15   accuracy of the criminal proceeding""). The rule applies to new prosecutions, but

16   is not a basis to invalidate old ones. Defendants cannot have it both ways – that

17   new evidence not available at the criminal trial may be used, but new constitutional

18   rules do not apply.[4]

19        Finally, Plaintiff may not be called at the guilt phase of the trial because, in a

20   criminal prosecution, he could not be called. In theory, Plaintiff can be called in the

21   liability phase, but he has no information that is relevant to liability except to the

22   extent he could address the conduct of Defendants relevant to their state of mind.

23

24   [3] As the Court is aware from Plaintiff's unopposed motion to retain Richard Leo,
25   Plaintiff has retained Prof. Leo to assess the issue of the circumstances and
     reliability of Mr. Lisker's statements, and Plaintiff may file a motion in limine in
26   the future on this issue.
27   [4] Plaintiff does not know if Defendants intend to seek to introduce evidence that
     would violate *Crawford*, and reserve the right to raise the issue with greater
28   particularity if and when they do.

Plaintiff has nothing to add to what occurred at trial – which is a purely objective inquiry. He has no independent evidence of what is false or not beyond his statements at the time, which were introduced at trial, and relies to demonstrate on the independent scientific evidence to demonstrate falsity. Calling Plaintiff in the liability phase would be a mere ploy to attempt to open up the issue of guilt or innocence in the liability phase by asking about the truth of Plaintiff's statements so that he could then be impeached with his conditional plea and parole board statements. Thus, Defendants should be precluded from such a tactic under Rule 403.

In the guilt phase, Defendants can introduce evidence the prosecutor would be allowed to introduce (unless Plaintiff's argument that the evidence is limited to what was available in 1985 is adopted). In the damages phase he could be called, but only questioned about things relevant to damages, not to retry the guilt phase.

## VIII. FAILURE TO RE-PROSECUTE IS RELEVANT TO PLAINTIFF'S ARGUMENT THAT HE WAS NOT IN FACT CONVICTED AND SO HAS ESTABLISHED CAUSATION. [OPP 2-13]

Defendants cite a California Supreme Court decision for the proposition that the dismissal of charges did not constitute a favorable termination under California law, and therefore the dismissal is not relevant. That once again betrays Defendants' failure to grasp Plaintiff's argument. The fact of the dismissal of charges is relevant not to establish a favorable termination under malicious prosecution law since, as we have noted, we are moving to dismiss that claim, but to prove a relevant fact – that Plaintiff was not convicted, which directly bears on whether he would have been convicted despite the constitutional violation.

As an aside, we note Defendants' position completely undermines their opposition to Plaintiff's motion to dismiss the constitutional malicious prosecution claim. On the one hand, Defendants contend that there was no favorable termination, a required element in a constitutional malicious prosecution claim. *See, e.g., Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir. 2004). On the

1   other hand, they oppose dismissal of the malicious prosecution claim. This shows

2   that their position has nothing to do with the issues Defendants raise, and purely

3   relate to their perceived tactical advantage in having a claim they consider without

4   merit nonetheless presented to the jury.

5   **IX.    PLAINTIFF IS PRESUMED INNOCENT. [OPP 1-8:10; OPP 2-11:12]**

6       Defendants invoke irrelevant cases to argue that the jury should not be

7   instructed that Mr. Lisker is presumed innocent. *Santosky v. Kramer,* 455 U.S. 745,

8   769 (1982), is not a presumption of innocence case but addresses when clear and

9   convincing evidence applies. *Delo v. Lashley*, 507 U.S. 272, 279 (1993) addresses

10  whether, at the sentencing phase after a guilt determination, a defendant is

11  constitutionally entitled to an instruction that he is presumed innocent of other

12  crimes when no evidence of other crimes was introduced, and the jury was jury

13  was specifically instructed that the State had the burden of proving the existence of

14  any aggravating circumstances "beyond a reasonable doubt." In that context, the

15  Court said no such instruction was required.

16      Defendant points to Plaintiff's acknowledgment that he located no cases

17  specifically addressing the presumption of innocence for a person released on a

18  writ of habeas corpus. However, Defendants fail to address the line of Supreme

19  Court cases cited by Plaintiff that the presumption of innocence applies until and

20  unless there has been a lawful conviction through a fair trial. That line of cases

21  clearly applies to Plaintiff because the conviction was set aside on the ground that

22  he did not receive a fair trial and his due process rights were violated.

23  **X.    THE *SCHLUP* FINDING IS RELEVANT [OPP 1-2:4].**

24      The actual innocence finding made at the *Schlup* hearing is relevant because,

25  since Plaintiff was not re-tried in the face of the actual innocence determination, it

26  supports the argument that guilt is not a defense, and that the matter was resolved

27  in the criminal process, as provided under *Heck*. It is also relevant to the meaning

28  of guilt in our legal system, *i.e.*, *Schlup* establishes that actual innocence is

20

determined by whether the individual is proven guilty beyond a reasonable doubt and not, as Defendants would have it, factual innocence affirmatively proven by Plaintiff. Plaintiff is innocent as a matter of law because he has not been lawfully convicted, and *Schlup* establishes that that correlates to actual innocence.

## XI. PLAINTIFF IS NOT ARGUING IN THIS MOTION THAT THE *SCHLUP* FINDING HAS A PRECLUSIVE EFFECT. [OPP 1-4:10].

Plaintiff did not argue that the habeas writ has a preclusive effect, but rather that it establishes, in the absence of being retried and convicted, that he is innocent as a matter of law. Defendants' lengthy discussion of collateral estoppel is irrelevant (although, at the close of discovery, plaintiff may bring such a motion).

Pointing to cases that acquittal does not preclude a claim where the standard of proof is lower (e.g., a civil claim for wrongful death after acquittal of murder) is irrelevant. The issue is that the damage here was of a wrongful *conviction* and therefore the standard is whether Plaintiff would have been convicted.

## XII. SUMMARY OF ISSUES FOR RESOLUTION.

Given the range and complexity of issues presented in these pending motions, Plaintiff here summarizes the issues to be addressed:

1. Is guilt relevant to liability?

    a. Is guilt or innocence (or Defendants' belief on the issue) an element of liability and if so in what respects, or does liability turn solely on whether Plaintiff's constitutional rights were violated and whether Defendants acted deliberately or with reckless disregard or deliberate indifference to the truth or Plaintiff's rights?

    b. More specifically, is whether (as Defendants appear to claim) Plaintiff is factually innocent and whether Defendants knew or should have known that Plaintiff was innocent an element of

liability on any of Plaintiff's claims and if so which claims and in what respect?

  c. Is guilt otherwise relevant to liability and if so in what respect? (This question assumes that evidence that may bear on guilt is admissible to the extent it is relevant to any issue other than guilt, and is addressed to evidence relevant only to guilt.)

2. Is guilt relevant to damages?

  a. If so, is it relevant as explained in *Carey v. Piphus* (a predicate determination as to whether Plaintiff is entitled to actual damages) or in some other respect (and if so, what)?

3. To the extent guilt is relevant to either liability or damages, is the issue resolved by the fact that Plaintiff was not re-prosecuted?

4. If guilt is not an available defense to either liability or damages, is Plaintiff entitled to an instruction that he is innocent as a matter of law?

5. Even if guilt is marginally relevant to either liability or damages, should it be excluded under Rule 403?

6. Assuming guilt is relevant to damages but not liability:

  a. Should the trial be bifurcated into liability and damages phases?

  b. Should damages be similarly bifurcated into guilt and actual damages phases (resulting in trifurcation)?

Since all the permutations are too complex to map out, Plaintiffs frame the next series of questions on the assumption that, if guilt is relevant and to be considered, it is as framed by *Carey* and is relevant to damages only. If the Court concludes differently, the questions posed can be modified accordingly.

7. If guilt is an available defense:

  a. Is guilt an affirmative defense?

  b. Who bears the burden of proof?

c.  What is the standard of proof (preponderance, clear and convincing, beyond a reasonable doubt)?

d.  Does Plaintiff have the presumption of innocence?

e.  If Defendants bear the burden of proof, what is it that they must prove? (Plaintiff says they must prove by a preponderance of the evidence that Plaintiff would be convicted beyond a reasonable doubt by a unanimous twelve person jury. Defendants presumably say they would have to prove to this jury that it is more likely than not that Plaintiff is guilty.) If not one of these, what is it that Defendants must prove?

f.  If Plaintiff bears the burden of proof, what is it that he must prove?

g.  Are Defendants limited to the evidence available at the 1985 criminal trial?

h.  Can Defendants introduce evidence of Mr. Lisker's conditional plea, statements to the probation office and statements to parole authorities and for what purpose?

i.  Can Defendants call Plaintiff to the stand to testify as to guilt?

j.  Are Defendants limited to evidence that meets the standard of *Crawford v. Washington*?

k.  Is evidence that the prosecution dropped charges against Plaintiff admissible?

/////

/////

/////

/////

/////

/////

23

DATED: April 4, 2011    Respectfully Submitted,

LITT, ESTUAR & KITSON LLP
NASATIR, HIRSCH, PODBERESKY, KHERO & GENEGO PLC

By:__/s/ Barrett S. Litt_____
   Barrett S. Litt

By:__/s/ William J. Genego_____
   William J. Genego

Attorneys for Plaintiff