**CARMEN A. TRUTANICH**, City Attorney - **SBN 86629x**
**GARY G. GEUSS**, Chief Assistant City Attorney
**CORY BRENTE**, Assistant City Attorney
**AMY FIELD**, Deputy City Attorney - SBN 143827
**CHRISTIAN R. BOJORQUEZ**, Deputy City Attorney **-SBN 192872**
christian.bojorquez@lacity.org
amy.field@lacity.org
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA  90012
Phone No.: (213) 978-6900, Fax No.: (213) 978-8785

*Attorneys for Defendants* CITY OF LOS ANGELES, a municipal corporation, also named as the LOS ANGELES POLICE DEPARTMENT, a non-suable entity, ANDREW MONSUE and HOWARD LANDGREN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE E. LISKER, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF LOS ANGELES et al., <br><br> Defendants | CASE NO.: CV09-09374 AHM (AJWx) <br> [*The Hon. A. Howard Matz, Courtroom 14*] <br><br> **EXHIBIT 9 -10  IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE PARTIAL SUMMARY ADJUDICATION OF THE ISSUES** <br><br> [Filed/Lodged Concurrently Herewith: (1) Notice of Motion and Motion for Summary Judgment, etc.; (2) Statement of Uncontroverted Facts and Conclusions of Law; (3) Declarations; (4) Request for Judicial Notice;  and (5) (Proposed) Judgment/Order] <br><br> Date:     **July 25,** 2011 <br> Time: 10:00 a.m. <br> Courtroom:   14 |

1

# EXHIBIT 9

WILLIAM GENEGO, ESQ. (SBN 103224)
NAME
Nasatir, Hirsch, Podberesky & Genego
PRISON IDENTIFICATION/BOOKING NO.
2115 Main Street        (310) 399-3259
ADDRESS OR PLACE OF CONFINEMENT

Santa Monica, CA 90405  wgenego@gmail.com

Note: It is your responsibility to notify the Clerk of Court in writing of any change of address. If represented by an attorney, provide his name, address, telephone and facsimile numbers, and e-mail address.



FILED
CLERK, U.S. DISTRICT COURT
JAN 1 2 2007
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

LODGED
06 NOV -1 PM 4:01
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: ___

BRUCE LISKER
FULL NAME (Include name under which you were convicted)
                                    Petitioner,
        v.

ROSANNE CAMPBELL, Warden, Mule Creek State Prison
NAME OF WARDEN, SUPERINTENDENT, JAILOR OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER
                                    Respondent.

CASE NUMBER:

CV  04-02687-VAP (RZ)
To be supplied by the Clerk of the United States District Court

☐ Proposed second AMENDED

**PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**
28 U.S.C. § 2254

PLACE/COUNTY OF CONVICTION Los Angeles
PREVIOUSLY FILED, RELATED CASES IN THIS DISTRICT COURT
(List by case number)
CV _____
CV _____

### INSTRUCTIONS - PLEASE READ CAREFULLY

1. To use this form, you must be a person who either is currently serving a sentence under a judgment against you in a California state court, or will be serving a sentence in the future under a judgment against you in a California state court. You are asking for relief from the conviction and/or the sentence. This form is your petition for relief.

2. In this petition, you may challenge the judgment entered by only one California state court. If you want to challenge the judgment entered by a different California state court, you must file a separate petition.

3. Make sure the form is typed or neatly handwritten. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4. Answer all the questions. You do not need to cite case law, but you do need to state the federal legal theory and operative facts in support of each ground. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a legal brief or arguments, you may attach a separate memorandum.

5. You must include in this petition all the grounds for relief from the conviction and/or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

5. You must pay a fee of $5.00. If the fee is paid, your petition will be filed. If you cannot afford the fee, you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out and sign the declaration of the last two pages of the form. Also, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account at the institution. If your prison account exceeds $25.00, you must pay the filing fee.

6. When you have completed the form, send the original and two copies to the following address:
   Clerk of the United States District Court for the Central District of California
   United States Courthouse
   ATTN: Intake/Docket Section
   312 North Spring Street
   Los Angeles, California 90012

DOCKETED ON CM
JAN 1 7 2007
BY ___ 010

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (28 U.S.C § 2254)

CV-69 (04/05)                                                                                  Page 1 of 10

**EXHIBIT 9**

/136185

PLEASE COMPLETE THE FOLLOWING: (Check appropriate number)

This petition concerns:
1. ☒ a conviction and/or sentence.
2. ☐ prison discipline.
3. ☐ a parole problem.
4. ☐ other.

## PETITION

1. Venue
   a. Place of detention California State Prison, Ione, CA
   b. Place of conviction and sentence Los Angeles, CA

2. Conviction on which the petition is based (a separate petition must be filed for each conviction being attacked).
   a. Nature of offenses involved (include all counts): Murder, 2nd degree (sole count)

   b. Penal or other code section or sections: Penal Code Section 187

   c. Case number: LASC# A804566
   d. Date of conviction: 11/21/1985
   e. Date of sentence: 02/07/1986
   f. Length of sentence on each count: 16 years to life

   g. Plea (check one):
      ☒ Not guilty
      ☐ Guilty
      ☐ Nolo contendere

   h. Kind of trial (check one):
      ☒ Jury
      ☐ Judge only

3. Did you appeal to the California Court of Appeal from the judgment of conviction? ☒ Yes ☐ No
   If so, give the following information for your appeal (and attach a copy of the Court of Appeal decision if available):
   a. Case number: B020092
   b. Grounds raised (list each):
      (1) Jailhouse informant testimony have been suppressed because defendant's custody in adult jail was illegal

(2) Defendant's post-arrest statement to police was taken in violation of Miranda v. Arizona
(3) _____
(4) _____
(5) _____
(6) _____

c. Date of decision: 12/22/88
d. Result: Conviction affirmed

4. If you did appeal, did you also file a Petition for Review with the California Supreme Court of the Court of Appeal decision? ☒ Yes ☐ No

If so give the following information *(and attach copies of the Petition for Review and the Supreme Court ruling if available)*:

a. Case number: S118321

b. Grounds raised *(list each)*:
(1) Defendant's Sixth Amendment right to counsel violated by his illegal placement in module 7000.
(2) Trial counsel ineffective for failure to properly present exculpatory evidence
(3) Penal Code 1473(b)(1)
(4) _____
(5) _____
(6) _____

c. Date of decision: 10/29/2003
d. Result: Petition denied (J. Kennard and J. Werdegar voted to grant)

5. If you did not appeal:
a. State your reasons _____

b. Did you seek permission to file a late appeal? ☐ Yes ☐ No

6. Have you previously filed any habeas petitions in any state court with respect to this judgment of conviction? ☒ Yes ☐ No

If so, give the following information for each such petition *(use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

---

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (28 U.S.C § 2254)
CV-69 (04/05)
Page 3 of 10

EXHIBIT 9                                                                        187

a. (1) Name of court: Los Angeles Superior Court
   (2) Case number: A504566
   (3) Date filed (or if mailed, the date the petition was turned over to the prison authorities for mailing): 11/13/03
   (4) Grounds raised (list each):
   (a) Defendant's 6th Amendment right to counsel violated by his illegal placement in module 7000.
   (b) Trial counsel ineffective for failure to properly present exculpatory evidence
   (c) pc 1473(b)(1)
   (d)
   (e)
   (f)
   (5) Date of decision: 03/06/03
   (6) Result: Petition denied

   (7) Was an evidentiary hearing held?   ☐ Yes   ☒ No

b. (1) Name of court: California Court of Appeal
   (2) Case number: B168853
   (3) Date filed (or if mailed, the date the petition was turned over to the prison authorities for mailing): ___
   (4) Grounds raised (list each):
   (a) Same as superior court habeas proceeding
   (b)
   (c)
   (d)
   (e)
   (f)
   (5) Date of decision: 08/05/03
   (6) Result: Petition denied

   (7) Was an evidentiary hearing held?   ☐ Yes   ☒ No

c. (1) Name of court: ___
   (2) Case number: ___
   (3) Date filed (or if mailed, the date the petition was turned over to the prison authorities for mailing): ___
   (4) Grounds raised (list each):
   (a)
   (b)

(c) _____
(d) _____
(e) _____
(f) _____

(5) Date of decision: _____

(6) Result _____

_____

(7) Was an evidentiary hearing held?    ☐ Yes    ☐ No

7. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than five grounds. Summarize briefly the <u>facts</u> supporting each ground. For example, if you are claiming ineffective assistance of counsel, you must state facts specifically setting forth what your attorney did or failed to do.

UF #2k

CAUTION:   *Exhaustion Requirement*: In order to proceed in federal court, you must ordinarily first exhaust your state court remedies with respect to each ground on which you are requesting relief from the federal court. This means that, prior to seeking relief from the federal court, you first must present <u>all</u> of your grounds to the California Supreme Court.

a. Ground one: Petitioner's 14th Amendment right to counsel was violated by state authorities when he was unlawfully housed pretrial in module 7000 (the snitch tank) at the LA Jail.

(1) Supporting FACTS:

Petitioner was a minor when charged with the murder of his mother. He was ordered tried as an adult, but was maintained in juvenile housing pending trial. In violation of a court order, and of Welfare & Institutions Code Sectio 707.1, petitioner was transferred to the 7000 module of L.A. County Jail (cont.

(2) Did you raise this claim on direct appeal to the California Court of Appeal?    ☐ Yes    ☒ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?    ☒ Yes    ☐ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court?    ☐ Yes    ☒ No

b. Ground two: Petitioner's 14th Amendment right to effective assistance of counsel was violated when petitioner's trial counsel failed to present 3rd party in the murder a exonerating of petitioner.

(1) Supporting FACTS:

Two months before the murder of petitioner's mother, petitioner, who lived in an apartment near his parent's home, evicted his roommate, Michael Ryan. Ryan was a violent person with a particular fascination for knives. Ryan went to live with his father in Mississippi, but four days before the murder, Ryan returned (cont.)

(2) Did you raise this claim on direct appeal to the California Court of Appeal?    ☐ Yes    ☒ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?    ☒ Yes    ☐ No

### Question 7-Addendum

7(a). An adult informant testified that petitioner confessed his guilt to the informant. Some years after the trial, a Los Angeles County Grand Jury found that local law enforcement had an "arrangement" with the CJ personnel to place certain defts in the 7000 module where a "confession" would be expected to ensure by virtue of the defendant's physical proximity to numerous "professional" informants. The informants, who were segregated from the general jail population in the 7000 module, ostensibly for their own protection, fully understood that they could receive substantial assistance with their own cases from police and prosecutors if they produced evidence against non-informant inmates who were housed in the same module. Further, as the Grand Jury report described in detail, many informant-inmates were skilled at fabricating convincing-sounding "confessions". The value of the 7000 module to law enforcement was that it eliminated any need for officers to communicate in advance with any specific informant regarding a specific inmate- a practice that was clearly unlawful if the inmate had been charged and was represented by counsel.

Following these revelations, L.A. County Grand Jury commenced an investigation into cases in Los Angeles from 1975-1989 where jailhouse informant testimony had been introduced by the prosecution. A list of such cases, provided by the Los Angeles District Attorney's Office, included petitioner's case. The Los Angeles Superior Court presiding judge (criminal), promulgated a policy whereby any defendant convicted in a case where jailhouse informant testimony was used would be entitled to a court-appointed lawyer to investigate the possibility of an improper conviction. Unfortunately, petitioner's trial counsel failed to inform petitioner of the availability of counsel for this purpose, and petitioner spent much time vainly trying to obtain pro bono counsel from local bar associations. By the time petitioner learned of the superior court's policy, the policy had expired.

An evidentiary hearing in this case would produce documentary evidence that petitioner was illegally removed from the custody of a juvenile institution and placed in the 7000 module for the express purposed of obtaining jailhouse informant testimony to use at petitioner's trial, despite the fact that petitioner had been charged and was represented by counsel.

7 (b). to Los Angeles and contacted petitioner. Petitioner refused to allow Ryan to move back in with him. During the time that Ryan and petitioner were roommates, they often did odd jobs around petitioner's parents' house to earn money. When Ryan returned to Los Angeles in the days before the murder, he was desperate for money and was sleeping in various apartment building garages. On the day before the murder, Ryan went to the Lisker family home and was admitted to the house by petitioner's mother, who recognized him as a "friend" of her son. He asked Mrs. Lisker if she any jobs for him, but she told him she did not. That evening, Mrs. Lisker mentioned to her husband that Ryan had been to the house that afternoon in need of money. The next day, Mrs. Lisker was murdered in her home and money she known to have given by her husband the previous evening was missing. Trial testimony established that the murder occurred about 10:30-11:00 a.m. When Ryan was questioned by police, he stated that on the day of the murder he had checked into a motel in Hollywood (about ten miles distant from the Lisker house) at about 11:00 a.m. Early the next morning, he purchased a bus ticket back to Mississippi and left the same day (the day after the murder). The detective interviewing Ryan then told him that the motel records had been checked and that Ryan had not checked in (using a

EXHIBIT 9                                                                                              190

false name) until 3:00 p.m., and that the amount of money he had when he arrived in California before the murder could not possibly have been sufficient to pay for his room and buy a bus ticket home; Ryan must have obtained additional money somewhere while he was in Los Angeles. Ryan could provide no explanation for the "inconsistencies"

    Petitioner's trial counsel was provided with a transcript of the police interview of Ryan. Yet counsel, upon a motion by the People to exclude any reference to Mike Ryan, failed to advise the trial court of any incriminating statements Ryan had made to police. The court accordingly granted the DA's motion to exclude any testimony about Ryan. As a result, petitioner was forced to defend the case though no plausible alternative existed to his guilt.

EXHIBIT 9                                                                                                                                     191

(4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☐ Yes   ☒ No

c. Ground three: Petitioner's conviction was based on false evidence in violation the Fifth Amendment right to due process and a fair trial.

(1) Supporting FACTS: False evdience was presented at Petitioner's trial and was materi to his conviction which included the following:
a) March 10, 1983, the day of the murder, was a bright, sunny day and glare on the windows made it impossible to see inside;
b) the sun and sky cover was the same on March 23, 1983 as it was on March 10; (cont.

(2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☐ Yes   ☒ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☐ Yes   ☒ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☐ Yes   ☒ No

d. Ground four: Petitioner's conviction was obtained in violation of Fifth Amendment due process as a result of the cumulative effect of the separate constitutional errors stated above.

(1) Supporting FACTS: Petitioner incorporates by reference the facts stated above as to Grounds one, two, and three.

(2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☐ Yes   ☒ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☐ Yes   ☒ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☐ Yes   ☒ No

e. Ground five: _____

(1) Supporting FACTS: _____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☐ Yes   ☐ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☐ Yes   ☐ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☐ Yes   ☐ No

## Question 7(c)-Addendum

7C    (c)    The crime scene photographs introduced into evidence were taken at 11:30 a.m. on the day of the murder (March 10, 1983);

(d)    The victim's body was in a position that made it not visible from the living or dining room windows;

(e)    Shoe prints in blood found in the guest bathroom and in front of and facing the kitchen sink were made by Petitioner as were shoe print impressions in the ground outside the house;

(f)    The shoe prints matched Petitioner's Pacer brand footwear;

(g)    The blood-marked footprints found inside the house were not made by anyone other than Petitioner.

EXHIBIT 9                                                                                                       193

8. If any of the grounds listed in paragraph 7 were not previously presented to the California Supreme Court, state briefly which grounds were not presented, and give your reasons <u>Grounds three and four evidence unavailable to Petitioner at the time of state habeas and denied evidentiary hearing.</u>

9. Have you previously filed any habeas petitions in any federal court with respect to this judgment of conviction?
   ☒ Yes  ☐ No

   If so, give the following information for each such petition *(use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

   a. (1) Name of court: <u>U.S. Ditrict Court--Central District</u>
      (2) Case number: <u>CV 04-02687-VAP(RZ)</u>
      (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: <u>04/16/2004</u>
      (4) Grounds raised *(list each)*:
         (a) <u>This petition is an amended petition in the above case and Grounds One</u>
         (b) <u>and Two stated above in paragraph 7 were raised in petition and a claim</u>
         (c) <u>of actual innocence was raised as a Third Ground for relief but was deleted</u>
         (d) <u>petitioner in First Amended Complaint.</u>
         (e)
         (f)
      (5) Date of decision: <u>Pending</u>
      (6) Result

      (7) Was an evidentiary hearing held?  ☒ Yes  ☐ No

   b. (1) Name of court:
      (2) Case number:
      (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*:
      (4) Grounds raised *(list each)*:
         (a)
         (b)
         (c)
         (d)
         (e)
         (f)
      (5) Date of decision:
      (6) Result

(7) Was an evidentiary hearing held?   ☐ Yes   ☐ No

10. Do you have any petitions now pending (i.e., filed but not yet decided) in any state or federal court with respect to this judgment of conviction?   ☒ Yes   ☐ No

  If so, give the following information *(and attach a copy of the petition if available)*:

  (1) Name of court: ___See answer to Question 9___

  (2) Case number: _____

  (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

  (4) Grounds raised *(list each)*:

  (a) _____
  (b) _____
  (c) _____
  (d) _____
  (e) _____
  (f) _____

11. Are you presently represented by counsel?   ☒ Yes   ☐ No

  If so, provide name, address and telephone number: ___William Genego & Vicki Podberesky___
  ___Nasatir, Hirsch, Podberesky & Genego, 2115 Main Street, Santa Monica, CA 90405___
  ___Tele: (310) 399-3259___

WHEREFORE, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding,

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on __11/12/06__
     Date

_____
Signature of Petitioner

FOR

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    Bruce Lisker v. Michael Knowles, Warden
    Case No. CV 04-02687 VAP(RZ)

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2115 Main Street, Santa Monica, California 90405.

    On November 03, 2006, I served the foregoing document described as: **NOTICE OF LODGING PETITIONER'S SECOND AMENDED PETITION** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

    Robert D. Breton        [VIA PERSONAL SERVICE]
    Deputy Attorney General
    Office of the Attorney General
    300 S. Spring Street, Suite 5000
    Los Angeles, California 90013-1230

___ (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Santa Monica, California

_X_ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the addressee.

Executed on November 03, 2006 at Santa Monica, California.

_X_ (FEDERAL)    I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

                                            Christine Kim

# EXHIBIT 10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE LISKER, | CASE NO. CV 04-02687 VAP (RZ) |
| Petitioner, | |
| vs. | ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| MICHAEL KNOWLES, WARDEN, | |
| Respondent. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Second Amended Petition, records on file, and the Second Report and Recommendation of United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Second Report to which objections have been filed. The Court accepts the findings and recommendations of the Magistrate Judge.

DATED: August 6, 2009

VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

EXHIBIT 10                                                                                      197

I hereby attest and certify on 2/24/11 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

*Adrienne Piñé*
DEPUTY CLERK

1222

EXHIBIT 10                                                                                                           198