O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-09374 AHM (AJWx) | | Date | August 4, 2011 |
|---|---|---|---|---|
| Title | BRUCE LISKER v. CITY OF LOS ANGELES, et al. | | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | | Not Reported | |
| Deputy Clerk | | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**      IN CHAMBERS (No Proceedings Held)

This action is before the Court on the motion to dismiss filed by plaintiff Bruce Lisker ("Plaintiff"), who seeks to dismiss without prejudice two of his five causes of action. Defendants the City of Los Angeles, the Los Angeles Police Department, Andrew Monsue, and Howard Landgren ("Defendants") oppose the motion. For the reasons set forth below, the Court GRANTS the motion.[1]

## I.     INTRODUCTION

Plaintiff asserts five claims in his complaint, all arising from his arrest and conviction for his mother's murder: (1) due process violation (false evidence); (2) due process violation (malicious prosecution); (3) violation of privilege against self-incrimination (*Miranda*); (4) due process violation (*Brady*); and (5) a *Monell* claim. Plaintiff seeks to dismiss without prejudice his second and third claims.

Plaintiff has moved to dismiss under Federal Rule of Civil Procedure 41 but, as Defendants point out, Rule 41 does not permit "the voluntary withdrawal of individual claims against a defendant remaining in the case." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005). Defendants argue that the requested dismissal must instead be analyzed under Rule 15 as a pleading amendment. Defendants also contend that since Plaintiff is moving to amend his complaint after the Court's Scheduling Order deadline for such amendments, Plaintiff must first establish "good cause" under Rule 16 for modifying the Scheduling Order.

---

[1] Docket No. 57.


Case 2:09-cv-09374-ODW-AJW Document 164 Filed 08/04/11 Page 2 of 4 Page ID #:4171

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-09374 AHM (AJWx) | Date | August 4, 2011 |
|---|---|---|---|
| Title | BRUCE LISKER v. CITY OF LOS ANGELES, et al. | | |

In his Reply, Plaintiff concedes that Rule 41 is inapplicable here and requests that the Court deem his motion to be a Rule 15 motion to amend the complaint. Plaintiff also argues that the motion should be granted under Rule 15's liberal standard for amendments and that Rule 16 does not apply. Further, even if Rule 16 did apply, Plaintiff contends that he has demonstrated good cause to modify the Court's Scheduling Order to permit the amendment.

## II. ANALYSIS

Generally, Rule 15(a) liberally allows for amendments to pleadings. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). However, once the court files a pretrial scheduling order establishing a timetable for amending the pleadings, Rule 16 applies. *Id.* (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992)). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 608. Also, "relief may be granted if the court finds that the movant has not unduly delayed the action and that the opponent will not be prejudiced by the modification." 6A Wright et al., Federal Practice and Procedure ("Wright & Miller") § 1522.2 (3d ed. 1990). If the party seeking the amendment demonstrates good cause under Rule 16, then the party must demonstrate that amendment is proper under Rule 15. *Johnson*, 975 F.2d at 608.

Rule 15(a) provides that "leave [to amend] shall be freely given when justice so requires." *Id.* "Under Rule 15(a), courts are cautioned to apply the policy of free amendment of pleadings with extreme liberality." *SAES Getters S.P.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). "Though the decision to grant or deny a motion for leave to amend is governed by the district court's discretion, the general rule is that amendment of pleadings is to be permitted unless the opposing party makes a showing of undue delay, bad faith, undue prejudice, or futility of amendment on the part of the moving party." *Id.* at 1086-87 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiff argues that this motion should be governed by the Court's July 25, 2011 motion deadline, rather than the June 14, 2010 Scheduling Order deadline. This argument is unpersuasive. Granted, Plaintiff's motion is somewhat unusual, insofar as he is attempting to dismiss two of his own claims and Defendants are insisting that he must


CV-90 (06/04)  **CIVIL MINUTES - GENERAL**  Page 2 of 4

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-09374 AHM (AJWx) | Date | August 4, 2011 |
|---|---|---|---|
| Title | BRUCE LISKER v. CITY OF LOS ANGELES, et al. | | |

proceed on those claims. A more typical motion for leave to amend a scheduling order to permit an amended pleading is brought for the purpose of *adding* claims to a complaint. Plaintiff asserts that he "found no cases in which a motion to amend a scheduling order to amend pleadings in order to abandon claims was at issue. The issue always was expanding the case, not limiting it." Reply at 9. The Court's own research likewise uncovered no cases addressing this exact factual scenario. Nonetheless, Plaintiff (as he concedes) seeks to amend the complaint after the Scheduling Order's deadline to do so has passed. Accordingly, he must first demonstrate good cause under Rule 16.

Here, Plaintiff has demonstrated good cause under Rule 16, because he has not unduly delayed the action (indeed, he has not delayed it at all) and Defendants will in no way be prejudiced by Plaintiff dismissing two of his claims.

Defendants' claim of prejudice is wholly unpersuasive. They cite to *Morongo Band of Mission Indians v. Rose*, for the proposition that a party may be prejudiced where the proposed amendments would "have required defendants to have undertaken, at a late hour, an entirely new course of defense." 893 F.2d 1074, 1079 (9th Cir. 1990). But *Morongo* dealt with alleging *new* claims after dismissal of the original complaint, not merely *dismissing* claims, as Plaintiff seeks to do here. Defendants argue that they "have based their entire defense upon Plaintiff's complaint and the claims set forth within it", but they fail to articulate how the *absence* of certain claims will undermine their already existing defenses against the remaining claims. *Id.* at 1079; Opp. at 6. For example, Defendants will not be deprived of the use of any evidence as to the remaining claims. Evidence that would have been admissible at trial only as to the dismissed claims could not properly have been considered as to the remaining claims, and to the extent that evidence is relevant to both the dismissed claims and the remaining claims, it remains admissible.

Moreover, on a practical level, there is little point in precluding Plaintiff from dropping claims he no longer wishes to pursue. Defendants cannot force Plaintiff to pursue at trial every cause of action pleaded in the complaint. This is made explicit in the Central District's pretrial procedures. Local Rule 16-2.8 provides that "[e]ach party shall disclose to every other party *which of the party's pleaded claims . . . the party plans to pursue . . . .*" Similarly, Local Rule 16-4.6 provides that the parties must file a pretrial Memorandum of Contentions of Fact and Law in which the parties "shall identify any

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-09374 AHM (AJWx) | Date | August 4, 2011 |
|---|---|---|---|
| Title | BRUCE LISKER v. CITY OF LOS ANGELES, et al. | | |

pleaded claims . . . which have been abandoned." If the Court denied Plaintiff's present motion to dismiss, Plaintiff could wait until the pretrial conference and announce that he has abandoned the two claims in question.

Having found that good cause exists under Rule 16 to modify the Scheduling Order, the Court also finds that Plaintiff should be permitted under Rule 15 to amend the complaint and dismiss claims two and three. The Court must interpret requests to amend under Rule 15 with "extreme liberality" and Defendants have not demonstrated undue delay, bad faith, undue prejudice, or futility of amendment.[2]

**III.   CONCLUSION**

Based on the foregoing, the Court GRANTS Plaintiff's motion and dismisses claims two and three without prejudice.

No hearing is necessary. Fed. R. Civ. P. 78; L.R. 7-15.

|  | : |
|---|---|
| Initials of Preparer | SMO |

---

[2] This is not to say that granting Plaintiff's motion will permit him to take up these two claims at some later date, either through amendment or in a separate action. Plaintiff recognizes this, noting that he "does not oppose an order that the Court will not allow an amendment to subsequently add back the dismissed claims." Reply at 10. Such an order is unnecessary, but the Court observes that any effort to *add* such claims, after previously dismissing them, almost inevitably would prejudice Defendants. Plaintiff also acknowledges that he cannot pursue these two claims in a separate action because "a party may not split causes of action arising from the same transaction." Reply at 11 (citing *Adams v. Cal. Dept. of Health Serv.*, 487 F.3d 684, 688-89 (9th Cir. 2007)).