O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV09-09374 AHM (AJWx) | Date | February 16, 2012 |
|---|---|---|---|
| Title | BRUCE LISKER v. CITY OF LOS ANGELES, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:     Attorneys **NOT** Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

Before the Court is Defendants' Motion in Limine #14 to trifurcate the trial into three phases: (1) individual liability, (2) damages, and (3) *Monell*. Under the Defendants' suggested model, the issue of Plaintiff's innocence or guilt would be determined in the damages phase. Because the Court finds that Plaintiff's due process and *Brady* claims are inextricably intertwined with the question of his innocence or guilt, the Court DENIES Defendants' motion for trifurcation.[1] The Court will, however, modify its August 11, 2011, order (Dkt. 246) and will bifurcate the trial into two phases:

### I.     PHASE ONE: SECTION 1983 LIABILITY AND "GUILT DEFENSE."

In this phase, the jury will determine (1) the Section 1983 liability of the individual Defendants and (2) whether, even if the individual Defendants are found liable for violations of that statute, Plaintiff nevertheless would have been found guilty of the murder. Despite the best efforts of the Court and parties, these two issues cannot be separated in a meaningful and efficient manner. Thus, Phase One will be structured as follows.

(1)     Stage I: Plaintiff's Case in Chief against Defendants Monsue and Landgren.

Plaintiff will present his case against the individual Defendants regarding his due process/*Brady* claims. Plaintiff will be required to establish all elements of liability,

---

[1] Dkt. 272.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-09374 AHM (AJWx) | Date | February 16, 2012 |
|---|---|---|---|
| Title | BRUCE LISKER v. CITY OF LOS ANGELES, et al. | | |

including Defendants' state of mind. The evidence will include an agreed-to stipulation summarizing at least portions of the evidence admitted at trial. Plaintiff will be permitted to introduce evidence incriminating Michael Ryan that was known to the individual Defendants at the time of his prosecution. Defendants may present counter evidence and may conduct cross-examinations in this stage (including of Plaintiff, if he testifies) to undermine Plaintiff's case against the individual Defendants. To refute Plaintiff's evidence regarding Defendants' state of mind, Defendants also will be permitted to introduce evidence incriminating Plaintiff that was known to the individual Defendants in 1983-1985 but not necessarily received into evidence at his trial.

After the completion of Stage I, the jury will answer a special verdict form disclosing whether plaintiff proved the elements of a Section 1983 claim. If the jury finds that plaintiff did so, then Stage II will commence immediately.

(2)     <u>Stage II: Defendants' Case in Chief: "Guilt" Defense</u>

If the individual Defendants are found liable in Stage I, Defendants may then present additional evidence of Plaintiff's guilt as a defense to damages. In this stage they will be permitted to introduce Lisker's confessions and admissions, as well as statements he made to third parties (such as psychologists), whether defendants possessed this evidence at the time of Lisker's trial or not.

(3)     <u>Stage III: Plaintiff's Rebuttal</u>

After Defendants "rest" their Stage II "guilt" defense, in this stage (but not before) Plaintiff will be permitted to present additional third party culpability evidence that he did not have at the time of his trial showing that Ryan was the killer, such as telephone records and Ryan's criminal history.

At the conclusion of this stage, the jury will answer another special verdict form, asking whether Defendants proved by a preponderance of evidence that a jury in the criminal case applying the "beyond a reasonable doubt" standard would have convicted Plaintiff anyway, even if all the evidence adduced at both Stages I and II had been received at the criminal trial. The jury will also be directed to answer the following question on the same verdict form: whether the Defendants' conduct warrants the

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-09374 AHM (AJWx) | Date | February 16, 2012 |
|---|---|---|---|
| Title | BRUCE LISKER v. CITY OF LOS ANGELES, et al. | | |

recovery of punitive damages (*i.e.,* whether it was malicious, oppressive, etc.).

In accordance with the Court's previous rulings, the following evidence may not be proffered in any stage of Phase One:

- Plaintiff may not use the Grand Jury Report One. (Dkts. 254, 312.)

- Plaintiff may not refer to the LAPD's Internal Affairs investigation, because the very fact that there was an investigation could imply that the individual Defendants engaged in misconduct. In either Stage I or Stage III, however, Plaintiff may introduce Monsue's letter to the parole board or any other relevant, admissible evidence that resulted from the Internal Affairs investigation.

- Defendants may not introduce evidence or argument of ineffective assistance of counsel, although they may introduce evidence showing what was disclosed to Lisker's lawyer. (Dkt. 254.)

It is likely that carefully tailored limiting instructions will be given to the jurors in each of these stages. Among other things, before testimony begins the jury will be told that there may be more than one phase but will not be told what special verdict findings would result in any later phase or stage.

### II.   PHASE TWO: DAMAGES AND *MONELL*

In Phase Two, the jury will hear evidence enabling it to determine (1) the amount of damages to which Plaintiff is entitled, including compensatory and (possibly) punitive damages, and (2) *Monell* liability. The Court will work with the parties to ensure that if there is a finding of *Monell* liability, any damages award against the individual Defendants will not include *Monell* damages and will not be affected by the *Monell* evidence.

Consistent with the Court's previous rulings, the following evidence is admissible to prove *Monell* liability in Phase Two:

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-09374 AHM (AJWx) | Date | February 16, 2012 |
|---|---|---|---|
| Title | BRUCE LISKER v. CITY OF LOS ANGELES, et al. | | |

- Plaintiff may introduce the Grand Jury Report. (Dkts. 254, 312.)

- Plaintiff may introduce evidence of the Internal Affairs investigation. (Dkt. 254.)

## CONCLUSION

For the above reasons, Defendants' motion to trifurcate is DENIED. After the Court's decisions regarding the parties' motions *in limine*, the Court intends to issue a chart or some other demonstrative item to guide the parties and the Court at trial.

|  | : |  |
|---|---|---|
| Initials of Preparer | SMO | |