O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-09374 AHM (AJWx) | Date | August 20, 2012 |
|---|---|---|---|
| Title | BRUCE LISKER v. CITY OF LOS ANGELES, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:  Attorneys **NOT** Present for Defendants:

**Proceedings:**  IN CHAMBERS (No Proceedings Held)

## I.  INTRODUCTION

In Plaintiff's Motion *in Limine* # 5, Plaintiff moves the Court to rule that certain evidence is not hearsay pursuant to Fed. R. Evid. 807, the residual exception to the hearsay rule.  The evidence discussed in this motion includes:

(1) Calls reflected in a Pacific Telephone Company phone bill, dated April 2, 1983;

(2) Lt. Gavin's testimony regarding what he observed in Michael Ryan's probation records;

(3) Written statements by Det. Monsue regarding Ryan, in the Murder Book;

(4) Defense counsel's dictation of Hughes's letters during Plaintiff's 1985 criminal trial; and

(5) Ryan's statements during an interview with Monsue.

For the following reasons, the Court GRANTS the motion in part and DENIES it in part.[1]

---

[1] Dkt. 225.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-09374 AHM (AJWx) | Date | August 20, 2012 |
|---|---|---|---|
| Title | BRUCE LISKER v. CITY OF LOS ANGELES, et al. | | |

## II. DISCUSSION

### A. The Phone Bill Falls under the Residual Exception

Plaintiff wishes to introduce a Pacific Telephone Company phone bill, dated April 2, 1983, as evidence. The Pacific Telephone Company is no longer in existence, and Plaintiff therefore is unable to call a custodian of records to testify as to the reliability of the bill in order to have it qualify under the business records exception. Nevertheless, the Court finds that the phone bill falls under the residual exception to the hearsay rule. *See Karme v. C.I.R.*, 673 F.2d 1062, 1065 (9th Cir. 1982) (affirming trial court's decision to admit bank records under the residual exception despite the fact that no custodian of records was available to testify regarding the reliability of the records). The phone bill will be admissible to enable the Plaintiff to try to show the following:

(1) Although Michael Ryan claimed to have gone to the Lisker home to make a phone call on March 9, 1983 (the day before the murder), only one call was made that day, and it is unlikely that Ryan made that phone call;

(2) A phone call was made on the date of the murder to a number that is nearly identical to that of Ryan's mother.

Standing alone, the phone bill will not be admissible to show that Plaintiff called the paramedics before he called his father. The bill does not reflect a phone call to the paramedics on the day of the murder and, lacking probative value, it is therefore irrelevant for that purpose. Plaintiff indicated at the hearing, however, that there is a separate document noting the time of his call to the paramedics. If that document in conjunction with the phone bill shows that Plaintiff called the paramedics before he called his father, the phone bill will be admissible and relevant to show the time of Plaintiff's call to his father.

Defendants make few arguments addressing the reliability of the phone bill but instead focus almost entirely on the fact that Plaintiff has not authenticated the bill. Plaintiff has inexplicably failed to include any evidence that explains where the phone bill comes from but has indicated that he would be able to authenticate the bill if required

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-09374 AHM (AJWx) | Date | August 20, 2012 |
|---|---|---|---|
| Title | BRUCE LISKER v. CITY OF LOS ANGELES, et al. | | |

to do so.  The Court therefore conditions the admissibility of the phone bill on Plaintiff sufficiently authenticating it before or during trial.  Having a witness testify that the bill is in fact a Pacific Telephone Company phone bill, combined with the bill's distinctive characteristics, would be enough for authentication purposes.  *See Karme*, 673 F.2d at 1064 (admitting bank records that were authenticated by an IRS agent who testified that he microfilmed them with the assistance of two Netherlands Antilles government officials).

### B. Gavin's Testimony Regarding Ryan's Probation Records Falls under the Residual Exception

Plaintiff wishes to call Lieutenant Gavin to testify about what he read in Ryan's juvenile probation records from Harrison County, Mississippi.  Plaintiff could not get a copy of those records from Harrison County because they were destroyed in Hurricane Katrina.  Defendants are also apparently no longer in possession of these records.  Absent the records, whether the statements in those records would fall under the public records exception cannot be conclusively determined, although there is little doubt that they would.

The Court therefore finds that under these exceptional circumstances, the statements in the probation records qualify under the residual exception to the hearsay rule.  Lt. Gavin's testimony about the statements in the records will be admissible to show that:

(1) Ryan requested that his probation supervision be transferred from Mississippi to California, thereby indicating that he was lying when he claimed he had intended to visit California for only a short period of time; and

(2) If Monsue had properly checked Ryan's background, he would have realized Ryan was on probation.

Defendants argue that Gavin's testimony regarding what he read in the records may be unreliable.  But Defendants will be able to call Gavin's reliability into question

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-09374 AHM (AJWx) | Date | August 20, 2012 |
|---|---|---|---|
| Title | BRUCE LISKER v. CITY OF LOS ANGELES, et al. | | |

by cross-examining him. Thus, Gavin will be permitted to testify about Ryan's probation records.

/ / /

### C. The Motel Registration Card Is Not Hearsay, but the Murder Book Statement Regarding Ryan's Check-In Time Is Hearsay

Plaintiff wishes to introduce two items of evidence to prove that Ryan checked into the Hollywood Tropicana Motel at 3 p.m. on the day of the murder using a fake name:

(1) A motel registration card, which states that the guest's name is "Mark Smith" (Ex. 44); and

(2) Monsue's written statement in the Murder Book noting that, according to an unknown motel employee, Ryan checked into the motel at 3 p.m. (Exh. 9.)

Ryan acknowledged to Det. Monsue that he used the name Mark Smith. The motel registration card is not being offered to prove that Ryan's name was indeed Mark Smith. It is therefore not hearsay and is admissible to show that Ryan was using a fake name.

The statement in the Murder Book, however, is inadmissible hearsay for the purpose of showing that Ryan checked in at 3 p.m. The statement regarding Ryan's check-in time has a second layer of hearsay—it is a statement made *to* Monsue by an unidentified motel employee. There is no way for the Court to ascertain the identity or the reliability of that speaker, and therefore that statement is inadmissible to show the truth of the matter asserted. Plaintiff may use the Murder Book statement regarding Ryan's check-in time for non-hearsay purposes only, *i.e.*, to show in Stage I of Phase I that Monsue believed Ryan checked in at 3 p.m. But it may not be used to prove that Ryan actually checked in at that time.

### D. Defense Counsel's Dictation of Hughes's Letters Falls under the Residual Exception

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-09374 AHM (AJWx) | Date | August 20, 2012 |
|---|---|---|---|
| Title | BRUCE LISKER v. CITY OF LOS ANGELES, et al. | | |

    During Plaintiff's criminal trial, his defense counsel read out loud and described portions of what were allegedly letters written by witness Robert Hughes. Hughes's letters no longer exist because the court records of Plaintiff's criminal case have been destroyed. Plaintiff wishes to introduce the portion of the trial transcript containing his defense counsel's dictation of the letters to show the contents of Hughes's letters. Defendants do not object to the reliability of the trial transcript but do object to the reliability of defense counsel's statements.

    Given that the letters were read out loud in open court, and the prosecutor in Plaintiff's criminal case was available to object to any inaccuracies, the Court finds that the defense counsel's recitation of these letters falls under the residual exception. Because Hughes did not admit to writing the letters during the trial, the burden remains on Plaintiff to prove that Hughes wrote the letters. If Plaintiff does so, Plaintiff may use the letters to prove that (1) Hughes befriended Plaintiff, and (2) Hughes sought favors from Plaintiff, thereby discrediting Hughes's testimony that he feared Plaintiff.

### E.    Ryan's Statements to Monsue are Statements against Interest

    Plaintiff wishes to introduce certain statements that Ryan made during an interview with Monsue at the Harrison County Jail in Mississippi on May 4, 1983. Ryan is deceased. The Court finds that the following statements by Ryan are admissible as statements against interest under Fed R. Evid. 804(b)(3):

1. Ryan admitted he left Gulfport, Mississippi around March 6, 1983.
2. Ryan admitted he had $53 when he left Mississippi.
3. Ryan claimed he was at the Lisker house on March 9.
4. Ryan admitted (affirmatively and by adoption) that he checked into the Tropicana Motel at 3 p.m.
5. Ryan admitted (by adoption) that he checked in under the alias Mark Smith.
6. Ryan admitted he left Los Angeles on March 11.
7. Ryan admitted he spent money on the following items: a city bus when he arrived; a cab; a motel; marijuana; a beer; a bus ticket to leave Los Angeles; a bag of potato chips; a coke; a pack of cigarettes; and two additional city bus rides.
8. Ryan admitted to having repeatedly thrown a knife into a door.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-09374 AHM (AJWx) | Date | August 20, 2012 |
|---|---|---|---|
| Title | BRUCE LISKER v. CITY OF LOS ANGELES, et al. | | |

At the time of the interview, Ryan was aware that Monsue was investigating the murder of Dorka Lisker and that Plaintiff had implicated Ryan in the murder. Given this context, the above statements qualify as statements against interest. *See Williamson v. U.S.*, 512 U.S. 594, 603 (1994).

Ryan's statement that he slept in a carport for two nights and slept in a canyon, however, is too neutral to qualify as a statement against interest. That statement is therefore inadmissible to prove the truth of the matter asserted.

### III. CONCLUSION

For the above reasons the Court DENIES in part and GRANTS in part Plaintiff's MIL #5.[2]

|  | : |  |
|---|---|---|
| Initials of Preparer | | SMO |

---

[2] Dkt. 225.