O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-09374 AHM (AJWx) | Date | August 20, 2012 |
|---|---|---|---|
| Title | BRUCE LISKER v. CITY OF LOS ANGELES, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

Before the Court is the Motion *in Limine* # 6 of Plaintiff Bruce Lisker. Lisker moves this Court to rule that the trial testimony of Robert Lisker (Plaintiff's father), the trial testimony of Robert Johnson (a friend of the Lisker family), and the deposition testimony of former LAPD Deputy Chief Michael Berkow are not excludable on hearsay grounds. For the following reasons, the Court GRANTS Plaintiff's motion.[1]

## I. THE TESTIMONY OF ROBERT LISKER AND ROBERT JOHNSON FALL UNDER THE FORMER TESTIMONY EXCEPTION TO THE HEARSAY RULE

Both Robert Lisker and Robert Johnson are now deceased. As such, Plaintiff moves to introduce certain parts of the testimony they gave at Plaintiff's 1985 criminal trial under Fed. R. Evid. 804(b)(1), the former testimony exception to the hearsay rule. Plaintiff wishes to use the testimony to prove both (1) that Defendants Monsue and Landgren are liable for fabricating or withholding evidence (Stage I of Phase I) and (2) that Plaintiff is innocent of the murder (Stage III of Phase I).

FRE 804(b)(1) provides that former testimony is admissible as an exception to the hearsay rule, so long as the declarant is unavailable, and the former testimony:

(A)   was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and

---

[1] Dkt. 223.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-09374 AHM (AJWx) | Date | August 20, 2012 |
|---|---|---|---|
| Title | BRUCE LISKER v. CITY OF LOS ANGELES, et al. | | |

(B)  is now offered against a party who had -- or, in a civil case, whose predecessor in interest had -- an opportunity and similar motive to develop it by direct, cross-, or redirect examination.

The parties do not dispute that Robert Lisker and Johnson, who are deceased, are unavailable. The disputed issue is whether in Plaintiff's criminal case the State was (1) a "predecessor in interest" (2) who had an "opportunity and similar motive" as Defendants in this civil rights case to develop the former testimony of Robert Lisker and Johnson by "direct, cross-, or redirect examination." Defendants argue that because the State in Plaintiff's criminal case is not the same party as the Defendants in this case, Plaintiff must establish that the State is a "predecessor in interest" in addition to establishing that the State had a similar motive and opportunity to develop the testimony. Under the modern view of the former testimony exception, however, courts do not require parties to separately demonstrate that the prior party was a "predecessor in interest," because parties who are found to have an "opportunity and similar motive" like that of the current party are deemed to be predecessors in interest. *See Hynix Semiconductor Inc. v. Rambus Inc.*, 250 F.R.D. 452, 458 (N.D.Cal. 2008) ("The modern test does not require privity between the current party and the party who participated in the prior proceeding.").

The Court concludes that in Plaintiff's 1985 criminal case the State had the opportunity and a similar motive as Defendants here to develop the testimony of Robert Lisker and Johnson. In the criminal case, the State's motive was to establish Plaintiff's guilt and also, inextricably, to defend the integrity of the police investigation of the murder. In contrast, Plaintiff's motive at that time was to establish his innocence by casting doubt on the adequacy and integrity of the police investigation. Although the roles are reversed in the current case, the motives of both parties remain virtually unchanged. Plaintiff seeks to prove that in the course of investigating the murder the police recklessly disregarded evidence that showed that Plaintiff is innocent. Defendants seek to defend the integrity of their investigation and prove that Plaintiff is guilty. At the time of the criminal trial, both Robert Lisker and Johnson testified as to facts that were intended to call into question the credibility of the evidence and testimony offered by the investigating officers and Hughes. Both were subject to direct or cross-examination by the State. Because the State's motive to develop Robert Lisker's and Johnson's testimony was similar to that of the Defendants in this case, Robert Lisker's and

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-09374 AHM (AJWx) | Date | August 20, 2012 |
|---|---|---|---|
| Title | BRUCE LISKER v. CITY OF LOS ANGELES, et al. | | |

Johnson's prior, recorded testimony falls under the former testimony exception pursuant to Rule 804(b)(1).

Alternatively, even if the State cannot be considered a "predecessor in interest" to Defendants, because the motives of the two parties are so aligned, the Court concludes that the former testimony would fall under the catch-all exception. *See Dartez v. Fibreboard Corp.*, 765 F.2d 456, 462 (5th Cir. 1985) ("Even if the Smith deposition is not admissible under the former testimony exception, it is encompassed within the residual exception to the rule against hearsay.").

Defendants argue that even under the modern view, the testimony of Robert Lisker and Johnson is only admissible to prove that Robert Lisker is innocent of the murder (Stage III of Phase I) but is not admissible to prove the liability of the individual Defendants (Stage I of Phase I). Defendants claim that the State's motive was different from theirs in Stage I of Phase I because the criminal case did not focus on the liability of the Defendant officers, who were merely witnesses in the criminal case. Defendants argue, for example, that had the motives been aligned, the State would have probed Robert Lisker to discuss his interactions and conversations with Monsue. As the Court found in its decision to combine the liability and guilt phases of this case, however, the question of Plaintiff's guilt is inextricably linked with the question of whether Defendants conducted a proper investigation. Moreover, the fact that Robert Lisker did not testify about his conversations with Monsue does not mean that the State did not have the opportunity to ask those questions and did not have the motive of defending Monsue's investigation.

As a final effort, Defendants claim that the former testimony is more prejudicial than probative. Defendants argue that the testimony will evoke sympathy for Plaintiff and will be wholly one-sided. Given that the State *won* the first case in spite of the testimony Plaintiff now seeks to proffer, the Court sees little concern for unfair prejudice to Defendants. In addition, since the State also examined both witnesses, and since Defendants can call Monsue and Landgren to testify as to their version of the events, the Court fails to see how admitting the former testimony would be "one-sided."

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-09374 AHM (AJWx) | Date | August 20, 2012 |
|---|---|---|---|
| Title | BRUCE LISKER v. CITY OF LOS ANGELES, et al. | | |

The Court agrees that the testimony of Robert Lisker and Johnson at Plainitff's 1985 criminal trial constitutes admissible former testimony. Robert Lisker's testimony regarding the following matters will be admissible in all stages of Phase I:

(a) testimony that Robert Lisker gave his wife $150 the evening before the March 10, 1983, murder (Exh. 320, p. 235);
(b) testimony that Robert Lisker received a phone call from Plaintiff on March 10, 1983, between 11:29 a.m. and 11:32 a.m. (Exh. 320, pp. 242-45);
(c) testimony regarding Robert Lisker's actions and observations, including his observations of Plaintiff's demeanor, when he arrived at the Lisker home on the day of the murder (Exh. 320, pp. 949-50);
(d) testimony that Robert Lisker provided copies of the police reports to Plaintiff (Exh. 320, pp. 949-50);
(e) testimony regarding Robert Lisker's meetings with Robert Hughes (Exh. 320, pp. 956-66, 985-86);
(f) testimony regarding Robert Johnson's discovery of a key box in the back patio on March 11, 1983 (Exh. 320, pp. 966-67);
(g) testimony regarding Plaintiff's relationship with his parents (Exh. 320, pp. 974-79); and
(h) testimony regarding the disposal of the entryway rug (Exh. 320, 941-42, 970).

Robert Johnson's testimony regarding the following will also be admissible in all stages of Phase I:

(a) Testimony regarding Johnson's recovery of a hide-a-key at the Lisker house on March 11, 1983 (Exh. 320, pp. 913-14).

## II. THE DEPOSITION TESTIMONY OF BERKOW IN GAVIN'S EMPLOYMENT CASE IS ADMISSIBLE IN THE *MONELL* STAGE OF PHASE II

After having unsuccessfully subpoenaed Berkow for a deposition in this case, Plaintiff seeks to introduce in the *Monell* phase (Phase II) of the trial Berkow's deposition testimony from Gavin's employment case against the LAPD. Defendants do not object,

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OFCALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-09374 AHM (AJWx) | Date | August 20, 2012 |
|---|---|---|---|
| Title | BRUCE LISKER v. CITY OF LOS ANGELES, et al. | | |

and Plaintiff has agreed to use the testimony only in the *Monell* phase. Thus, Berkow's deposition testimony will be admissible in the *Monell* stage of Phase II.

### III.   CONCLUSION

For the above reasons, the Court GRANTS Plaintiff's Motion *in Limine* #6.

|  | : |
|---|---|
| Initials of Preparer | SMO |