Case 2:09-cv-09374-ODW-AJW  Document 443  Filed 03/12/13  Page 1 of 2  Page ID #:11911

O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRUCE E. LISKER,<br><br>                Plaintiff,<br>    v.<br>CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, ANDREW MONSUE, and HOWARD LANDGREN,<br><br>                Defendants. | Case No. 2:09-cv-09374-ODW(AJWx)<br><br>**ORDER STRIKING EX PARTE APPLICATION [438]** |

      This Court has received this matter upon reassignment from Judge Matz, and with it Plaintiff's *ex parte* application to certify Defendants Landgren and Monsue's absolute-immunity appeal as frivolous. (ECF No. 438.) Plaintiff's application is **DENIED**.

      "Ex parte motions are rarely justified . . . ." *Mission Power Eng'g Co. v. Cont'l Casualty Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). District courts in this Circuit agree that "[t]he purpose of . . . the ex parte motion papers is to establish why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner" and "why the moving party should be allowed to go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Thus, for ex parte relief to be proper, (1) "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) the moving party must establish that it "is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492.

Here, Plaintiff has moved *ex parte* "because a regularly-noticed [*sic*] motion could not be heard before [Judge Matz's] scheduled retirement date of April 1, 2013." (ECF No. 438, at 1.) This is insufficient to merit *ex parte* relief, and in any event, the rationale is now moot. The Court therefore **DENIES** Plaintiff's application. Plaintiff may refile his request as a regularly noticed motion, but only after reinitiating Local Rule 7-3's meet-and-confer procedures and fully complying with both the letter and spirit of that Rule.

**IT IS SO ORDERED.**

March 12, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**