**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE LISKER, | Case No. 2:09-cv-09374-ODW (AJWx) |
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION TO CERTIFY INTERLOCUTORY APPEAL [445]** |
| v. | |
| CITY OF LOS ANGELES, et al., | |
| Defendants. | |

## I.   INTRODUCTION

On December 16, 2013, Defendants filed a Motion for Certification of Interlocutory Appeal under 28 U.S.C. § 1292(b).  (ECF No. 445.)  The Defendants seek to appeal the Court's February 4, 2013 Order denying the Defendant City of Los Angeles's Motion for Summary Judgment on Lisker's *Monell* claim and denying all Defendants' Motion for Summary Judgment based on the statute of limitations.  (ECF No. 432.)  For the reasons discussed below, the Court **DENIES** Defendants' Motion.[1]

/ / /

/ / /

---

[1]  **Error! Main Document Only.**Having carefully considered the papers filed in support of and in opposition to this Motion, the Court deems the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78;     C. D. Cal. L.R. 7-15.

## II.   BACKGROUND

This action was reassigned to this Court on May 13, 2013, after the retirement of the Honorable Howard A. Matz.  (ECF No. 441.)  Prior to retirement, Judge Matz granted in part and denied in part Defendants' Motion for Summary Judgment.  (ECF No. 432.)  The Court granted Defendants' motion with respect to Lisker's claim that the Defendants violated his Fourteenth Amendment right to a fair trial by failing to disclose exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).  (*Id.*)  The Court denied Defendants Andrew Monsue, and Howard Landgren's motion with respect to Lisker's claim that the Defendants had violated his Fourteenth Amendment right to a fair trial by introducing fabricated evidence at his criminal trial—concluding that Defendants were not shielded by absolute witness immunity.  (*Id.*)  On March 4, 2013, Defendants Monsue and Landgren filed an interlocutory appeal in the Ninth Circuit challenging the Court's denial of absolute witness immunity.  (ECF No. 434.)  This appeal is currently pending in the Ninth Circuit.

The Court also denied Defendant City of Los Angeles's motion for summary judgment with respect to Lisker's *Monell* and statute-of-limitations claims.  (ECF No.432.)  On December 16, 2013, Defendants filed a motion seeking certification of the remaining issues—the *Monell* claims against the City and all Defendants' assertion of the statute of limitations—for appeal under to 28 U.S.C. § 1292(b).

## III.   LEGAL STANDARD

Under the final-judgment rule codified in 28 U.S.C § 1291, appellate courts have jurisdiction over "appeals from all final decisions of the district courts of the United States."  Accordingly, "parties may appeal only from orders which "end[ ] the litigation on the merits and leave[ ] nothing for the court to do but execute the judgment."  *Couch v. Telescope Inc.*, 611 F.3d 629, 632 (9th Cir. 2010) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)) (internal quotations omitted).

/ / /

1    But there is a narrow exception to the final-judgment rule: a district court may
2    certify a nonfinal order for interlocutory appeal by stating in writing, as part of the
3    order, that the order (1) "involves a controlling question of law," (2) "as to which
4    there is substantial ground for difference of opinion," and (3) "that an immediate
5    appeal may materially advance the ultimate termination of the litigation."  28 U.S.C.
6    § 1292(b).

7    Because the requirements of § 1292(b) are jurisdictional, courts cannot certify
8    an appeal if the circumstances don't strictly satisfy the statutory prerequisites for
9    granting certification.  *Couch*, 611 F.3d at 633.  Certification under § 1292(b) is not
10   routine.  Indeed, interlocutory appeals are reserved for only exceptional cases.  *See*
11   *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996); *see also Switz. Cheese Ass'n v. E.*
12   *Horne's Mkt.*, 385 U.S. 23, 25(1966) (noting that certification is contrary to the
13   federal policy against piecemeal appeals).

## IV.  DISCUSSION

15   The Defendants argue that certification is appropriate because an appellate
16   determination that the Lisker's claims are time-barred and that the City has no *Monell*
17   liability could materially affect the outcome of the litigation and potentially terminate
18   the entire action.  Lisker agrees that an interlocutory appeal of these issues may
19   materially advance the termination of the ligation because settlement discussions
20   would likely be more productive after these issues are resolved.  But Lisker asserts
21   that the third requirement for certification—that substantial grounds for difference of
22   opinion exist—is absent because the law regarding both issues is clearly established.
23   Because the Court agrees with Lisker, the Court **DENIES** Defendants' Motion to
24   Certify Interlocutory Appeal.  (ECF No. 445.)

### A. Statute of Limitations

26   Defendants first assert that a substantial ground for difference of opinion exists
27   as to whether Lisker's action is barred by the applicable statute of limitations.  A
28   substantial ground for difference of opinion may exist where "novel and difficult

questions of first impression are presented." *Couch*, 611 F.3d at 633.   But a substantial difference of opinion does not exist merely "because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling." *Id.*   The mere fact that "settled law might be applied differently does not establish a substantial ground for difference of opinion." *Id.*

Defendants contend that it is unsettled whether Lisker's established "probable innocence"—which excused his untimely habeas petition—also "serves to indefinitely delay accrual and the running of the statute of limitations on Lisker's § 1983 claims. (Mot. 6.)   Defendants inexplicably import their contention that Lisker's habeas petition should have been denied as untimely into their statute-of-limitations argument.   The timeliness of Lisker's habeas petition is unrelated to the statute-of-limitations issue.   Rather it is the delayed-accrual rule of *Heck v. Humphries*, 512 U.S. 477, 489 (1994), that applies in this action.

As the Court noted in its Summary Judgment Order, the Supreme Court has held that,

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486–87.   Additionally, "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id.* at 489–90.   Accordingly, Lisker could not have brought his § 1983 cause of action for damages—attributable to his unconstitutional conviction—unless and until the conviction was invalidated.   Because Lisker timely filed suit after the invalidation of his conviction, his claim is not subject to a statute-

1   of-limitations defense.  The "probable innocence" that excused his untimely habeas
2   petition is wholly irrelevant to this inquiry.    Because the law regarding the
3   requirements—and    thus   the   accrual—of   a   § 1983   action   for   damages   for
4   unconstitutional conviction is well settled, bare disagreement with the Court's ruling
5   is insufficient to evince a substantial ground for difference of opinion.  *See Couch*,
6   611 F.3d at 633.

7          **B.  *Monell* Liability**

8          Similarly, Lisker's *Monell* claim does not present a substantial ground for
9   difference of opinion.    Lisker's *Monell* claim relies on both a custom-or-practice
10  theory and on a ratification theory.  The Defendants contend that whether "post-event
11  ratification or failure to remedy decades after the injury-producing event [is] sufficient
12  as a matter of law to impose liability on a municipality under *Monell*" is unanswered
13  by controlling authority.  Therefore, Defendants assert, it is subject to a substantial
14  ground for difference of opinion.  (Mot. 6.)  But it is well established that ratification
15  may be established by proving a municipality's failure to meaningfully investigate and
16  respond to constitutional violations.  *See, e.g.*, *Fuller v. City of Oakland*, 47 F.3d
17  1522, 1535 (9th Cir. 1995); *Larez v. City of L.A.*, 946 F.2d 630, 645–48 (9th Cir.
18  1991).  It is also well established that a deficient disciplinary system may provide a
19  custom-and-practice basis for municipal liability, which may be proven by post-event
20  conduct.   *Larez*, 946 F.2d at 647.   Defendants do not dispute that this is the
21  established law, but rather contend that the time delay between the events and the
22  alleged ratification or failure to remedy is so great that it destroys the required causal
23  link for *Monell* liability.

24         Nothing in the Ninth Circuit's analysis in the above cases mandates that
25  ratification or failure to remedy occur in some specified time.  And substantiality is
26  more than mere novelty or vigorous disagreement by the losing party.  Here, the
27  Defendants merely dispute whether the Court correctly applied the established
28  ratification and failure-to-remedy law to the specific timeline of this case.

Certification is inappropriate where the Court must delve deep into the record—a "question of law" does not require the application of settled law to fact. *McFarlin v. Conseco Servs.*, *LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004) (noting that "what the framers of §1292(b) had in mind is more of an abstract legal issue . . . [that] the court of appeals can decide quickly and cleanly without having to study the record." (internal quotation marks omitted)).

This is not an "exceptional case" that justifies interlocutory appeal. If this Court were to find a substantial ground for disagreement merely because the parties disagree as to how the established law should be construed, an interlocutory appeal would become the rule rather than the exception. Further, such a finding would undermine the established policy of requiring finality before appellate review is ripe. *See Caterpillar*, 519 U.S. at 74 ("Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for exceptional cases while generally retaining for the federal courts a firm final judgment rule." (internal quotation marks omitted)).

## V.    CONCLUSION

Because the requirements set forth in § 1292(b) have not been satisfied, the Court declines to certify the question for interlocutory appeal. Defendants' Motion to Certify Interlocutory Appeal is **DENIED**.

**IT IS SO ORDERED.**

January 27, 2014

_____

**HON. OTIS D. WRIGHT II**
**UNITED STATES DISTRICT JUDGE**